UNITED STATES of America, Plaintiff-Appellant,

v.

Branch D. KLOESS, Defendant-Appellee.

No. 00-13080.

United States Court of Appeals,

Eleventh Circuit.

May 18, 2001.

Appeal from the United States District Court for the Middle District of Alabama.(No. 00-00046-CR-N), W. Harold Albritton, III, Chief Judge.

Before EDMONDSON, HILL and GIBSON[*], Circuit Judges.

HILL, Circuit Judge:

Branch D. Kloess was charged with two counts of obstruction of justice. The district court granted his motion to dismiss the indictment for failure to establish a violation of the charged offense, and the government filed this appeal.

I.

Branch D. Kloess is an attorney who represented Gene Easterling in May of 1997, when Easterling was given a probated sentence in the United States District Court for the Middle District of Alabama. While on probation for the federal offense, Easterling was stopped for a traffic violation and found to be in possession of a pistol, a violation of the terms of his probation. He provided the police officer with a driver's license showing the name Craig Wallace, and was subsequently charged in the Montgomery Municipal Court under that name.

Kloess represented Easterling in the municipal court charge, and, as permitted under Alabama law, entered a plea of guilty *in absentia* for him. The indictment alleges that Kloess executed an affidavit giving the Municipal Court notice that "Craig Wallace" intended to enter a guilty plea through Kloess, his attorney, and that Kloess wrote a letter to the municipal court judge informing the court of "Wallace's" intent to plead guilty in absentia. The indictment further alleges that Kloess knew that the true identity of "Craig Wallace" was Gene Easterling, and that Kloess knowingly misled the court with respect to "Wallace's" true identity in order to conceal Easterling's probation violation. The indictment charges that this conduct violates 18 U.S.C.

[*]Honorable John R. Gibson, U.S. Circuit Judge for the Eighth Circuit, sitting by designation.

§ 1512(b)(3) which provides:

> (b) whoever knowingly ... engages in misleading conduct toward another person with intent to
>
> ...
>
>> (3) hinder, delay, or prevent the communication to a ... judge of the United States of information relating to the commission or possible commission of a Federal offense or a violation of conditions of probation.[1]
>
> ...

Kloess moved to dismiss the indictment, contending that its allegations were insufficient to charge a violation of Section 1512(b)(3). He points to Section 1515(c) of the statute which provides that:

> This chapter does not prohibit or punish the providing of lawful, bona fide, legal representation services in connection with or anticipation of an official proceeding.

Kloess contends that the government must plead and prove that his conduct was not protected by this "safe harbor" in the statute. Since the indictment does not allege that the charged conduct did *not* constitute bona fide legal representation, he argues that it fails to state an offense under Section 1512(b)(3).

The Magistrate Judge who first considered Kloess's motion to dismiss concluded that the indictment is not defective because, under federal law, it need only charge the essential elements of Section 1512(b)(3) and Section 1515(c) is not one of those elements. According to the magistrate, Section 1515(c) provides only a potential affirmative defense to charges under Section 1512(b)(3).

The district court disagreed. The district court concluded that when Congress amended the statute to include Section 1515(c), it intended to put the burden on the government to prove, as an element of the offense stated in Section 1512, that Kloess was not providing lawful, bona fide, legal representation services. The court, therefore, granted the motion and dismissed the case.

 The government brings this appeal, arguing that Section 1515(c) is not an essential element of the offense which the government must negate in its pleading and proof, but is rather an affirmative defense which must be raised and proved by the defendant. This appears to be an issue of first impression in this or any other circuit court. It is also an issue of law which we decide *de novo. See United States v. De Castro,*

---

[1]Kloess was also charged with conspiracy to violate Section 1512(b)(3) in violation of 18 U.S.C. § 371, aiding and abetting Easterling in the violation of Section 1512(b)(3), and conspiring to aid and abet Easterling in violation of Section 371. We note that Section 1512 is entitled "Witness Tampering" and was enacted by Congress as a comprehensive witness protection measure, but is a part of Chapter 73 which is entitled "Obstruction of Justice." 18 U.S.C. §§ 1501-1515 (1982).

113 F.3d 176, 178 (11th Cir.1997).[2]

## II.

Section 1515(c) excepts from culpability conduct which might otherwise be thought to violate Section 1512(b)(3). To determine whether a statutorily created exception to a criminal offense is an element of the crime, we undertake a three-part inquiry. *United States v. McArthur,* 108 F.3d 1350, 1353 (11th Cir.1997). First, we look at the language and structure of the statute itself to determine whether the exception is part of the general statutory offense. Second, we look at the legislative history of the statute to determine whether Congress intended to make the exception an element of the crime. Finally, we look to see whether the government is well-situated to adduce evidence tending to prove the applicability of the exception. *Id.* If the answers to these three questions are "yes," then the exception is an element of the offense.

A.    *The Statutory Offense*

"In construing a statute we must begin, and often should end as well, with the language of the statute itself." *Merritt v. Dillard Paper Co.,* 120 F.3d 1181, 1185 (11th Cir.1997). The Supreme Court has instructed us time and again that, "courts must presume that a legislature says in a statute what it means and means in a statute what it says there." *Connecticut Nat'l Bank v. Germain,* 503 U.S. 249, 253-54, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992).

Unfortunately, Section 1515(c) does not specify whether the exception it creates is an element of the offense or an affirmative defense. Kloess suggests that this fact alone indicates that it must be considered an element of the crime since "the language commonly used by Congress to create affirmative defenses" is "glaringly absent from § 1515(c)."[3] Congress, however, routinely creates exceptions to criminal liability for various offenses. Most of these exceptions do not contain language indicating that they are affirmative defenses rather than elements of the offenses. Nevertheless, the courts generally interpret them as affirmative defenses. *See e.g., McArthur,* 108 F.3d at 1353 (no posting of notice exception to crime of possession of firearm in federal facility); *United States v. Jackson,* 57 F.3d 1012, 1016 (11th Cir.1995) (prior felony

---

[2]We agree with the district court that the magistrate's reliance on *United States v. Steele,* 147 F.3d 1316 (11th Cir.1998) (*en banc*), is misplaced. In that case, the relevant statute clearly spelled out that negation of the "safe harbor" provision for pharmacists was not an element of the crime of unlawfully dispensing controlled substances. 147 F.3d at 1318.

[3]For example, Section 1512(d) specifically states: "In a prosecution for an offense under this section, it is an affirmative defense, as to which the defendant has the burden of proof by a preponderance of the evidence, that the conduct consisted solely of lawful conduct and that the defendant's sole intention was to encourage, induce, or cause the other person to testify truthfully."

expunged exception to felon in possession of firearm); *United States v. Laroche,* 723 F.2d 1541 (11th Cir.1984) (antique firearm exception to felon in possession); *United States v. Mayo,* 705 F.2d 62, 73-76 (2d Cir.1983) (entrapment exception); *United States v. McCann,* 465 F.2d 147, 162 (5th Cir.1972) (consent exception to illegal wiretap); *United States v. Ramzy,* 446 F.2d 1184 (5th Cir.1971) (physician exception to illegal dispensing of drugs). We do not find the absence of such language dispositive.

The Supreme Court has made clear that "an indictment ... founded on a general provision defining the elements of an offense ... need not negative the matter of an exception made by a proviso or other distinct clause, whether in the same section or elsewhere...." *McKelvey v. United States,* 260 U.S. 353, 357, 43 S.Ct. 132, 67 L.Ed. 301 (1922). Section 1512(b)(3) is a broad prohibition against *anyone* who knowingly and willfully engages in misleading conduct with the intent to hinder, delay or prevent the communication to a law enforcement officer or judge of the United States of information relating to the commission of a federal offense or violation of probation. Section 1515(c), on the other hand, is a narrow exception to this general proscription. It excepts bona fide legal representation from all the ways one could be culpable under the statute. It appears in a distinct clause, in a different section of the statute. This suggests that it is not an element of the crime of obstruction of justice. *See McCann,* 465 F.2d at 162 (indictment alleging unlawful interception of wire communications need not charge statutory exceptions found in distinct clause of statute).

Furthermore, Section 1512(b)(3) "defines a perfectly cogent offense" without reference to the exception found in 1515(c). *See McArthur,* 108 F.3d at 1354. The description of the offense proscribes certain conduct and requires that the defendant acted "knowingly and willfully." Consequently, we can omit the exception provided by Section 1515(c) from the statute without doing violence to the definition of the offense. Under these circumstances, the exception is more likely to be a defense to the crime rather than an element of it. *United States v. Outler,* 659 F.2d 1306, 1309-10 (5th Cir. Unit B. Oct.1981) (*rev'd on other grounds*).[4]

Finally, if Section 1515(c) constitutes an element of the obstruction of justice crimes contained in Chapter 73, the government would be obligated to negate that the defendant was providing bona fide legal

---

[4]We are not persuaded by the district court's conclusion that Section 1515(c) *defines* an element of the crime because Section 1515 is entitled "Definitions for certain provisions; *general provision.*" (emphasis supplied) Even a cursory reading of the section reveals that subsection (c) is the general, not a definitional, provision. Nor can Section 1515(c) reasonably be said to be part of the enacting clause of the statute. The section was not part of the original statute, but was passed along with a series of technical amendments to the federal criminal code under the Criminal Law and Procedure Technical Amendments Act of 1986.

services whenever it charges a defendant with assaulting a process server under 18 U.S.C. § 1501, threatening a juror by force under 18 U.S.C. § 1512(b)(3), injuring a juror in retaliation for a verdict under 18 U.S.C. § 1503, stealing court records under 18 U.S.C. § 1506, and witness tampering by murder under 18 U.S.C. § 1512(a). We do not think that Congress intended this result.

Thus, our review of the structure of the statute leads us to conclude that Section 1515(c) is not an element of the crime stated in 18 U.S.C. § 1512(b)(3).

B.      *The Legislative History*

The portion of the House report on the Criminal Law and Procedure Technical Amendments Act of 1986 does not discuss Section 1515(c) at all. *See H.R. Rep.* No. 797, 99th Cong., 2nd Sess., *reprinted in* 1986 U.S.C.C.A.N. 6138-57. The U.S.Code Congressional & Administrative News did not reprint the Senate Report on the Act, which is *S. Rep.* No. 99-278.

The district court relied upon the floor comments of a single legislator from the Congressional Record. Such reliance, however, has been eschewed by the Supreme Court. *Garcia v. United States,* 469 U.S. 70, 76, 105 S.Ct. 479, 83 L.Ed.2d 472 (1984). We find the legislative history inconclusive.

C.      *Ease of Proof*

The final *McArthur* factor to be considered is whether the government or the defendant is "better equipped to prove facts that would allow them to take advantage of a statutory exception." 108 F.3d at 1355. Where the defendant is in the better position to adduce the relevant evidence, we ordinarily view the exception as an affirmative defense. *Id.*

Whether a defendant was providing lawful, bona fide legal representation in connection with or anticipation of an official proceeding is an issue which the defendant will usually be in the better position to raise in response to an indictment alleging a violation of Section 1512(b)(3). For example, the defendant will be in a better position to establish that he was a practicing attorney at the time of the offense. Additionally, he will be in the better position to establish that he was retained to provide legal representation in connection with the charged conduct. Having done so, he will have affirmatively raised the issue of the applicability of Section 1515(c).

We conclude from our analysis of the *McArthur* factors that Section 1515(c) is properly characterized as an affirmative defense to rather than an element of the crime defined in Section 1512(b)(3). *See United States v. Kellington,* 217 F.3d 1084, 1098 (9th Cir.2000) (characterizing Section 1515(c) as "a complete

defense to obstruction of justice"). This conclusion, however, only answers the question of who has the burden of pleading it in a case charged under Section 1512(b)(3). The answer is that the government need not plead that the exception does not apply. Rather the defendant must affirmatively raise the issue.

The parties, however, have briefed and argued this appeal as though resolution of the burden of pleading also resolves the issue of the burden of proof.[5] We do not agree. The proper resolution of the burden of proof requires an additional inquiry into the sort of defense which is provided by Section 1515(c).

### III.

A defendant need not offer any defense. It has long been established that:

> The burden of proof is never upon the accused to establish his innocence, or to disprove the facts necessary to establish the crime for which he is indicted. It is on the prosecution from the beginning to the end of the trial, and applies to every element necessary to constitute the crime.

*Davis v. United States,* 160 U.S. 469, 487, 16 S.Ct. 353, 40 L.Ed. 499 (1895).

A defendant may, however, choose to introduce evidence to show "affirmatively that he was not criminally responsible for his acts." *Id.* at 478, 16 S.Ct. 353. At common law, the defendant bore the burden of pleading and proving all such "affirmative" defenses, a practice which does not offend the Constitution. *Patterson v. New York,* 432 U.S. 197, 202, 210, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977).[6] State statutes which place this burden on the defendant are also constitutional. *Id.* ("If the State ... chooses to recognize a factor that mitigates the degree of criminality or punishment, we think the State may assure itself that the fact has been established with reasonably certainty").

There has been a twentieth-century trend toward requiring the government to bear the burden of persuasion on certain affirmative defenses. *See Patterson,* 432 U.S. at 207 n. 10, 97 S.Ct. 2319. An examination of the cases reveals, however, "a quite divided jurisprudence, without any clear default rule as to how affirmative defenses generally should be treated." *United States v. Dodd,* 225 F.3d 340, 348 (3d

---

[5]Since this is an appeal of the grant of a motion to dismiss the indictment for failure to state a violation of the charged offense, only the burden of pleading is at issue in the case. The parties, however, spent as much time arguing about who has the burden of proof as they did who had the burden of pleading. The district court also framed the issue as "whether Section 1515(c) is an affirmative defense *which the defendant must prove.*" Of course, since the district court ultimately held that Section 1515(c) constitutes an element of the offense under Section 1512(b)(3), it held that the government must not only plead it but prove it. Our conclusion that Section 1515(c) is an affirmative defense resolves the burden of pleading, but leaves the issue of the burden of proof on the defense unresolved. While the issue is not technically raised by the motion to dismiss, the parties argued it and the court decided it. Therefore, we shall consider it since to do otherwise would invite further legal error.

[6]"All ... circumstances of justification, excuse or alleviation" rested on the defendant. 4 W. Blackstone, Commentaries 201.

Cir.2000).

There is agreement, however, on one sort of affirmative defense. Any defense which tends to negate an *element* of the crime charged, sufficiently raised by the defendant, must be *disproved* by the government. *Patterson,* 432 U.S. at 206-07, 97 S.Ct. 2319; *Deleveaux,* 205 F.3d at 1298.[7] "The Due Process Clause requires that the prosecutor bear the burden of persuasion beyond a reasonable doubt only if the [defense] makes a substantial difference in punishment and stigma. The requirement of course applies *a fortiori* if the [defense] makes the difference between guilt and innocence." *Patterson,* 432 U.S. at 226, 97 S.Ct. 2319 (Powell, J., dissenting). Therefore, if the defendant introduces evidence that has the effect of negating any element of the offense, the government must disprove that defense beyond a reasonable doubt. *Patterson,* 432 U.S. at 210, 97 S.Ct. 2319; *Deleveaux,* 205 F.3d at 1298.

Section 1515(c) provides such an affirmative defense. To violate Section 1512(b)(3), the defendant must knowingly act with the *specific* intent to hinder or delay the communication to the court of the commission of a federal offense or probation violation. *United States v. Veal,* 153 F.3d 1233, 1248 & n. 20 (11th Cir.1998). *See also Kellington,* 217 F.3d at 1098; *United States v. Davis,* 183 F.3d 231, 253 (3d Cir.1999). In order to convict a defendant under Section 1512(b)(3), the government must prove that the defendant acted with an improper purpose. *Veal,* 153 F.3d at 1250 (statute punishes a "defendant's intention to thwart an inquiry into [a] crime"). Section 1515(c) provides a complete defense to the statute because one who is performing bona fide legal representation does not have an improper purpose. His purpose—to zealously represent his client—is fully protected by the law. Section 1515(c), therefore, constitutes an affirmative defense which negates an element of the offense stated in Section 1512(b)(3).

The Due Process Clause "protects the accused against conviction except upon proof beyond a reasonable doubt of *every fact* necessary to constitute the crime with which he is charged." *In re Winship,* 397 U.S. 358, 364, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970) (emphasis added). No defendant can be convicted under Section 1512(b)(3) unless the government proves *every* element of the offense beyond a reasonable

---

[7]The government's suggestion that *Deleveaux* supports its position that the defendant bears the burden of persuasion on a Section 1515(c) defense is mistaken. First, *Deleveaux* does not say that all statutorily created defenses are affirmative defenses on which the defendant bears the burden of persuasion. On the contrary, it quotes from *United States v. Alvarez,* 755 F.2d 830, 842 n. 12 (11th Cir.1985), in which we explained that for affirmative defenses, "[t]he ultimate 'burden of persuasion,' ... may fall on either the government or the defendant, as determined by statute or court decision". Second, *Deleveaux* specifically recognizes that any defense, be it affirmative or not, which negates an element of the crime charged, must be negated by the government beyond a reasonable doubt. 205 F.3d at 1298.

doubt. Since the proper invocation of Section 1515(c) raises an inference of lawful purpose which negates the *mens rea* element of Section 1512(b)(3), the defendant is entitled to an acquittal if the government does not overcome the inference. *Id.*

A defendant-lawyer seeking the safe harbor of Section 1515(c) must affirmatively show that he is entitled to its protection. *See Jackson,* 57 F.3d at 1016 ("[w]here affirmative defenses are created through statutory exceptions, the ultimate burden of persuasion remains with the prosecution, but the defendant has the burden of going forward with sufficient evidence to raise the exception as an issue"). This is a minimal burden. Evidence tending to show that the defendant is a licensed attorney who was validly retained to perform the legal representation which constitutes the charged conduct is sufficient to raise an inference of innocent purpose.[8] Any requirement to do more would unconstitutionally shift the burden to the defendant to prove his innocence by negating an element of the statute—the required *mens rea.* This the Constitution forbids. *Mullaney v. Wilbur,* 421 U.S. 684, 702, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975) ("although intent is typically considered a fact peculiarly within the knowledge of the defendant, this does not, as the Court has long recognized, justify shifting the burden to him"); *Davis,* 160 U.S. at 487, 16 S.Ct. 353 ("the burden of proof ... is never upon the accused to establish his innocence, or to disprove the facts necessary to establish the crime for which he is indicted"); *Deleveaux,* 205 F.3d at 1298.

Once the Section 1515(c) defense has been fairly raised, the government must undertake to prove its case, including the requisite improper purpose, by adducing evidence that the charged conduct did not constitute lawful, bona fide representation. *See United States v. Kelly,* 888 F.2d 732, 744 (11th Cir.1989) (testimony regarding ethical obligations very relevant to attorney-defendant's intent and state of mind); *Kellington,* 217 F.3d at 1098 ("It is well settled that in the prosecution of a lawyer for conduct stemming from his or her representation of a client, expert testimony is relevant to establish the lawyer's intent and state of mind"); *accord United States v. Machi,* 811 F.2d 991, 999-1000 (7th Cir.1987); *United States v. Klauber,* 611 F.2d 512, 520 (4th Cir.1979); *United States v. Rabbitt,* 583 F.2d 1014, 1028-29 (8th Cir.1978).

The defendant is entitled to rebut the government's proof. *Kelly,* 888 F.2d at 744; *Kellington,* 217

---

[8]Where, as in this case, the government's indictment alleges all the necessary facts to invoke the applicability of Section 1515(c), *i.e.,* that the defendant is a validly licensed attorney who was retained to provide legal representation and that the charged conduct consists of that representation, the defendant's burden of production is met by the indictment. *See Patterson,* 432 U.S. at 231 n. 17, 97 S.Ct. 2319 (Powell, J., dissenting) (even if burden of production on defendant, prosecution's case may contain sufficient evidence supporting defendant's position to generate jury issue).

F.3d at 1098; *United States v. Cavin,* 39 F.3d 1299, 1309 (5th Cir.1994) ("[A] lawyer accused of participating in his client's fraud is entitled to present evidence of his professional, including ethical, responsibilities, and the manner in which they influenced him. Exclusion of such evidence prevents the lawyer from effectively presenting his defense"). As we noted in *Kelly,* "it would be incongruous to admit such evidence when tendered in support of guilt, but not when offered for exculpatory purposes." 888 F.2d at 744.

Having fairly raised the Section 1515(c) defense to culpability under Section 1512(b)(3), the defendant is entitled to an acquittal unless the jury finds that the government proved beyond a reasonable doubt that the defendant's conduct did not constitute lawful, bona fide legal representation.

IV.

In view of the foregoing, we hold that Section 1515(c) constitutes an affirmative defense to the crime stated in 18 U.S.C. § 1512(b)(3). Although the burden of raising Section 1515(c) as a defense is on the defendant, the burden of proof as to its non-applicability is always on the government. As the district court dismissed this indictment for its failure to allege the non-applicability of Section 1515(c) to the charged conduct, we reverse the judgment and remand for further proceedings.

REVERSED AND REMANDED.