[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

----------------------------------------

No. 07-15272
Non-Argument Calendar

----------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 18, 2009
THOMAS K. KAHN
CLERK

D.C. Docket No. 07-00006-CR-1-MMP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HENRY F. PARRISH,

Defendant-Appellant.

----------------------------------------------------------------

Appeal from the United States District Court
for the Northern District of Florida

----------------------------------------------------------------

(February 18, 2009)

Before EDMONDSON, Chief Judge, HULL and ANDERSON, Circuit Judges.

PER CURIAM:

Defendant-Appellant Henry F. Parrish appeals his conviction and 235-month sentence for possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1). No reversible error has been shown; we affirm.

On appeal, Parrish argues that the evidence failed to show that he possessed a firearm. We review de novo a preserved sufficiency-of-the-evidence challenge, "viewing the evidence in the light most favorable to the government, with all reasonable inferences and credibility choices made in the government's favor." United States v. Wright, 392 F.3d 1269, 1273 (11th Cir. 2004) (internal quotation omitted). And we consider all of the evidence produced at trial against Parrish in evaluating his claim of insufficient evidence. See United States v. Thomas, 8 F.3d 1552, 1558 n.12 (11th Cir. 1993).

Here, the government had to prove that Parrish knowingly possessed the firearm. See United States v. Deleveaux, 205 F.3d 1292, 1296-97 (11th Cir. 2000) (listing the elements of a section 922(g)(1) offense).[1] Knowing possession can be shown by either actual or constructive possession, as long as there is a reasonable inference that the accused maintained "dominion and control" over the weapon. See United States v. Sweeting, 933 F.2d 962, 965 (11th Cir. 1991).

---

[1]The other elements -- that Parrish had the qualifying felony conviction and that the gun affected interstate commerce -- are not in dispute.

We conclude that sufficient evidence existed for a jury to conclude that Parrish either actually or constructively possessed a firearm based on the following things: (1) law enforcement officers patrolling a state park to prevent illegal night hunting observed a truck registered to and driven by Parrish driving back and forth several times; (2) after hearing a gun shot, an officer stopped the truck; (3) though a gun was not found in the truck, a gun was found on the side of the road on the driver's side; (4) an officer testified that the truck's passenger, Michael Colson, told him that Parrish fired the gun at a deer and then threw the gun out the truck window upon seeing police lights; (5) Colson testified that he put his shotgun in Parrish's truck because they were going hunting and that Parrish shot at a deer and threw the gun out the window when he saw police lights; and (5) Parrish testified that the shotgun was Colson's and stated "I wasn't in charge of [the shotgun] but I guess you could say I had control of it somewhat, it being in my vehicle."

While Parrish argues that Colson's testimony was self-serving and incredible and Parrish himself testified that he did not shoot the gun, the jury was free to choose among reasonable constructions of the evidence, and we will not disturb the jury's credibility determinations. See United States v. Williams, 390 F.3d 1319, 1323 (11th Cir. 2004). Adequate, consistent evidence existed --

3

including the officer's testimony about Colson's statement, Colson's testimony, the statement Colson made to police after being stopped, and the location of the gun -- for the jury to infer that Parrish possessed the gun.

The district court enhanced Parrish's sentence under 18 U.S.C. § 924(e)(1), the Armed Career Criminal Act ("ACCA"), because Parrish had three qualifying convictions for burglary of a structure. On appeal, Parrish argues that the district court improperly enhanced his sentence under section 924(e) because (1) his prior burglary convictions were not for generic burglary and, thus, did not qualify as violent felonies; (2) his juvenile convictions should not have been counted as predicate offenses under the ACCA; and (3) his prior convictions should not have been counted separately because the convictions were consolidated for sentencing.

We review de novo whether a particular conviction is a violent felony for purposes of the ACCA. United States v. Day, 465 F.3d 1262, 1264 (11th Cir. 2006). And we review de novo a district court's determination of whether two crimes constitute a single criminal episode or two separate felonies for purposes of section 924(e). United States v. Spears, 443 F.3d 1358, 1360 (11th Cir. 2006). The ACCA provides that "[i]n the case of a person who violates section 922(g) . . . and has three previous convictions by any court . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another,

4

such person shall be . . . imprisoned not less than fifteen years." 18 U.S.C. § 924(e)(1).

A "violent felony" includes, among other things, generic burglary. See § 924(e)(2)(B)(ii); Taylor v. United States, 110 S.Ct. 2143, 2158 (1990). But even if burglary is not generic burglary, it still may qualify as a crime of violence if it "involves conduct that presents a serious potential risk of physical injury to another." James v. United States, 127 S.Ct. 1586, 1591 (2007) (quoting section 924(e)(2)(B)(ii)). In Florida, burglary of the curtilage of a structure is a violent felony under section 924(e) because of the possibility of face-to-face confrontation. United States v. Matthews, 466 F.3d 1271, 1275 (11th Cir. 2006). And attempted burglary of a structure also is a violent felony under the ACCA. James, 127 S.Ct. at 1597-98. We conclude that Parrish's Florida convictions for burglary of a structure -- even if they were not for generic burglaries -- qualify as violent felonies because the criminal acts posed the risk that Parrish would have a face-to-face confrontation with another person while crossing the curtilage or within the interior of the structure.

We reject Parrish's second contention that his juvenile offenses should not count towards his armed career criminal designation. When a defendant commits a crime as a juvenile and (1) is convicted and sentenced as an adult, and (2)

sentenced to a term greater than one year, then the conviction may be used to determine that the defendant is an armed career criminal under section 924(e). See Spears, 443 F.3d at 1360-61. That Parrish was convicted as an adult and his sentences for each burglary conviction exceeded one year is undisputed. Thus, the district court properly used these convictions in determining Parrish's armed career criminal status.

We also conclude that the district court committed no error in treating Parrish's prior convictions separately because the three burglaries occurred on three different dates; that they were consolidated for sentencing is unimportant.[2] See United States v. Jackson, 57 F.3d 1012, 1018 (11th Cir. 1995) (separate convictions must be committed on different occasions but the convictions need not be obtained on separate days).

AFFIRMED.

---

[2]To the extent Parrish argues that his prior convictions were related for purposes of calculating his criminal history category, we reject his argument because an arrest separated the criminal acts for which Parrish was assigned criminal history points; thus, the acts were unrelated. See United States v. Hunter, 323 F.3d 1314, 1322-23 (11th Cir. 2003).