United States Court of Appeals,

Eleventh Circuit.

No. 93-9131.

UNITED STATES of America, Plaintiff-Appellee,

v.

Stanley B. JACKSON, Defendant-Appellant.

July 7, 1995.

Appeal from the United States District Court for the Northern District of Georgia. (No. 1:92-CR-438), Julie E. Carnes, Judge.

Before EDMONDSON and CARNES, Circuit Judges, and HAND[*], Senior District Judge.

CARNES, Circuit Judge:

Stanley B. Jackson appeals his conviction and sentence for possessing and receiving a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1). He contends that the government did not prove all of the elements of that offense, because it failed to prove the inapplicability of the exceptions denoted in § 921(a)(20) which allow a previously convicted felon to possess a firearm. As to his sentence, Jackson contends: that it was error to treat prior convictions as separate for § 924(e) enhancement purposes where those convictions, but not the crimes, occurred on the same day; that it was error to base an upward departure on an uncounseled conviction; and that use of the preponderance of the evidence standard at sentencing violated his due process rights. We reject each of Jackson's contentions.

I. BACKGROUND

---

[*]Honorable W.B. Hand, Senior U.S. District Judge for the Southern District of Alabama, sitting by designation.

In 1990, Jackson pawned at a Georgia pawn shop a .38 caliber revolver that had been manufactured in another state. In January of 1991, he returned to the shop and redeemed the revolver. In order to redeem it, Jackson signed a Bureau of Alcohol, Tobacco and Firearms form 4473, which asked whether he had ever been convicted of a crime punishable by imprisonment for a term exceeding one year. That question on the form contained a "note," which stated:

> A "yes" answer is necessary if the judge could have given a sentence of more than one year. A "yes" answer is not required if you have been pardoned for the crime or the conviction has been expunged or set aside, or you have had your civil rights restored and, under the law where the conviction occurred, you are not prohibited from receiving or possessing any firearm.

Notwithstanding the fact that in 1972 he had been convicted in Texas of felony assault, a crime subject to a sentence of more than one year, Jackson answered the question "no."

As a result of his actions, a three-count indictment was returned charging: 1) that Jackson was a convicted felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1); 2) that he made a false and fictitious statement when acquiring a firearm from a federally licensed firearms dealer in violation of 18 U.S.C. § 922(a)(6); and 3) that he was a felon in receipt of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). At his trial, the government introduced a certified copy of a January 15, 1972,[1] Texas felony assault conviction from the case of *Texas v. Jackson.* The government also presented expert testimony that Stanley Jackson's fingerprints matched those on the

---

[1] The Pre-Sentence Investigation Report and Jackson state that the date of the conviction was January 18, 1973. This discrepancy, however, does not affect the issues on appeal.

pawn shop receipt, the 4473 form, and the Texas conviction. The jury convicted Jackson of all three counts, but the district court granted his motion for judgment of acquittal as to the second count.

At the time of his conviction in this case, Jackson had five prior violent felony convictions, and as a result he was treated as an armed career criminal and given an enhanced sentence pursuant to 18 U.S.C. § 924(e)(1). In addition, at the sentence hearing, the government moved for an upward departure from Jackson's original criminal history category pursuant to § 4A1.3 of the United States Sentencing Guidelines, which provides for an enhanced sentence when a defendant's criminal history category does not sufficiently reflect the serious nature of his past conduct or his likelihood of committing future crimes. United States Sentencing Guidelines § 4A1.3 (Nov. 1992). The government presented evidence, including one uncounseled assault conviction, demonstrating that Jackson physically abused three ex-wives and that on July 17, 1992, he attacked with acid his former girlfriend, Clarissa Webb, and her three children.

Webb testified at the sentence hearing that after Jackson had lived with her for three to four months, she had asked him to move out. After he moved out, Jackson began to threaten Webb. On July 16, 1992, Webb told him that she wanted to be his friend, but that their relationship "couldn't go anywhere." However, Jackson said that he wanted to have sex with her and refused to leave; frightened, Webb "let him do what he wanted to do, and then he left." The next day, as Webb prepared to go to church, Jackson

called to offer her some money and inquired about what time she would return home. She refused the money. When she returned home that evening with her children, a man was there holding a steaming bowl-shaped object. Webb turned to look at one of her children and then felt "hot stuff" on her body and heard her children screaming. The liquid burned Webb and her children. An analysis of the family's clothing revealed that the liquid was a mixture of sulfuric acid and sodium hydroxide (lye). Webb identified the attacker as Jackson.[2]

Faced with this evidence, the district court upwardly departed from Jackson's original criminal history category of IV, explaining:

> I have rarely seen pure unadulterated evil, and I think I have seen that today. To do what Mr. Jackson did to this woman and these three children is one of the meanest, cruelest, most depraved acts I am aware of. And I can't fathom what kind of person would do that. But suffice it to say that the court feels that that kind of person is a great danger to the society, to this society, and that the court finds Mr. Jackson is guilty of that incident and that that justifies a departure to a category six.

The district court sentenced Jackson to 293 months of incarceration and to three years of supervised release for the two counts for which he was convicted, and it ordered him to pay a $100 special assessment.

On appeal, Jackson challenges both his conviction and his sentence. He contends that his conviction as a convicted felon in possession of a firearm pursuant to 18 U.S.C. § 922(g)(1) is invalid because the government failed to prove that, under Texas

_____

[2]Webb could not see the attacker's face, and at first, she apparently did not positively identify Jackson. The district court credited her ultimate identification of him.

law, he was not entitled to possess a firearm. Jackson also contends that the district court erred by enhancing his sentence pursuant to § 924(e)(1) because he was not an armed career criminal within the meaning of that provision. It was also error, he contends, for the district court to further enhance his sentence pursuant to U.S.S.G. § 4A1.3, both because that enhancement was based upon an uncounseled conviction, and also because it was based upon another factual predicate to which the district court applied the preponderance of the evidence standard. We reject each of Jackson's contentions.

## II. DISCUSSION

### A. THE BURDEN OF PROOF RELATING TO THE § 921(a)(20) EXCEPTIONS

Felons are generally prohibited from possessing firearms by 18 U.S.C. § 922(g)(1). Jackson's conviction under that statutory provision for being a felon who received and possessed a firearm was based upon his 1972 Texas conviction for felony assault. He contends that his § 922(g)(1) conviction is due to be reversed because the government failed to prove that Texas law barred him from possessing a handgun. More specifically, he claims that the government failed to prove that his Texas felony assault conviction had not been expunged, pardoned, or set aside or his civil rights restored so that he could lawfully possess a firearm under Texas law.

Section 922(g)(1) provides:

It shall be unlawful for any person—(1) who has been convicted in any court of, *a crime punishable by imprisonment for a term exceeding one year;* ... to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate

or foreign commerce.

18 U.S.C.A. § 922(g)(1) (West Supp.1994) (emphasis added).  The statutory phrase "crime punishable by imprisonment for a term exceeding one year" is defined as follows:

> What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held.  *Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless* such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

18 U.S.C.A. § 921(a)(20) (West Supp.1994) (emphasis added).  This definitional subsection was added in 1986.

Jackson contends that § 921(a)(20), and especially the underscored language, adds new elements that the government must affirmatively prove—the government must prove that the prior felony conviction used as the predicate for a § 922(g)(1) charge has not been expunged, set aside, or pardoned, and that the defendant has not otherwise had his civil rights restored so that he may possess firearms.  In other words, it is Jackson's position that the government must prove a negative and affirmatively rule out the existence of what we will refer to collectively as the "expungement exception."

While we have not explicitly addressed this precise issue before, in *United States v. Laroche,* 723 F.2d 1541 (11th Cir.), *cert. denied,* 467 U.S. 1245, 104 S.Ct. 3521, 82 L.Ed.2d 829 (1984), we decided an issue that is closely analogous.  The appellant in *Laroche* had been convicted under the predecessor statute to § 922(g)(1) for being a felon in possession of a firearm.  That

statute, like the current statute, contained an exception in §§ 921(a)(3) and (a)(16) which provided that, for purposes of the prohibition against felons possessing firearms, the term "firearm" does "not include an antique firearm." The appellant argued that the government had, and had failed to carry, the burden of proving that the antique firearm exception did not apply in that case. This Court rejected that argument, reasoning that the firearm exception was an affirmative defense, and "[w]here affirmative defenses are created through statutory exceptions, the ultimate burden of persuasion remains with the prosecution, but the defendant has the burden of going forward with sufficient evidence to raise the exception as an issue." *Id.* at 1543. Because the appellant in *Laroche* had presented no evidence to establish that the firearm in question was an antique within the meaning of the statutory exception, the Court held that the government was under no obligation to disprove the existence of that exception. *Id.*

Our decision in *United States v. Owens,* 15 F.3d 995 (11th Cir.1994), is consistent with the reasoning and result in *Laroche,* and thus it is also inconsistent with Jackson's contention. *Owens* involved the very statutory provision, § 922(g)(1), and expungement exception, § 921(a)(20), at issue in this case. *Owens,* 15 F.3d at 997. The appellant argued that the government had failed to prove his guilt because under Florida law the civil rights of a felon were automatically restored after he had served the maximum term of the sentence imposed, and the record indicated appellant had. This Court rejected the state law predicate of that argument, and held that the restoration of civil rights was not automatic under those

circumstances in Florida. *Id.* at 997-98. We then concluded that "in view of Owens's failure to provide this court with any evidence that such a restoration of rights has already occurred, Owens's challenge to his conviction on this basis must fail." *Id.* Thus, a necessary premise of our *Owens* decision is that the defendant, and not the government, bears the burden—at least the burden of going forward with evidence—concerning the expungement exception.

The explicit holding in *Laroche* and the implicit holding in *Owens* make good sense. As the Tenth Circuit has explained:

> As a practical matter, requiring the government to negate the possibility, in every § 922(g)(1) case, that each defendant's prior convictions had been expunged or set aside, that a pardon had been granted, or that civil rights had been restored, would impose an onerous burden. A defendant ordinarily will be much better able to raise the issue of whether his prior convictions have been expunged or set aside, whether a pardon has been granted, or whether civil rights have been restored.

*United States v. Flower,* 29 F.3d 530, 535 (10th Cir.1994), *cert. denied,* --- U.S. ----, 115 S.Ct. 939, 130 L.Ed.2d 884 (1995). We have used similar reasoning in concluding that a defendant has the burden on any question about the validity of the prior convictions used to enhance his sentence under 18 U.S.C. § 924(e):

> [U]nder § 924(e), the burden is properly placed on the defendant raising the challenge to show the constitutional invalidity of the prior convictions. Any given conviction might suffer any of a myriad of constitutional defects. It would approach the absurd to require the government to undertake to prove guilt all over again in every predicate conviction.... Instead, the government's burden is properly met when it introduces evidence that there are at least three prior violent felony convictions. The defendant must then point out any defects in a particular prior conviction.

*See United States v. Ruo,* 943 F.2d 1274, 1276 (11th Cir.1991). We analogized this burden to that placed on a defendant who must prove that a prior conviction used to compute his criminal history score

under the United States Sentencing Guidelines was unconstitutionally obtained. *Id.* at n. 4; *see also Custis v. United States,* --- U.S. ----, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994) (disallowing collateral attacks on validity of predicate convictions used for § 924(e), except on grounds of lack of counsel).

Jackson's reliance upon *United States v. Essick,* 935 F.2d 28 (4th Cir.1991), is misplaced. In that case, the predicate conviction for the § 922(g)(1) violation was from North Carolina, where a felon's civil rights are automatically restored upon his unconditional discharge as an inmate, probationer, or parolee. *Id.* at 30. Jackson's predicate conviction is from Texas, which does not automatically restore a felon's civil rights. *See United States v. Thomas,* 991 F.2d 206, 214 (5th Cir.) ("Texas neither actively nor passively restores all or essentially all of the civil rights of criminals ... upon release from jail.... For purposes of the instant inquiry, then, Texas ... fails to meet muster under any of the approaches of the several circuits that have addressed the concept of *restoration of civil rights* as contemplated in § 921(a)(20)." (footnotes omitted)), *cert. denied,* --- U.S. ----, 114 S.Ct. 607, 126 L.Ed.2d 572 (1993). To the extent that the Fourth Circuit's *Essick* reasoning could be extended beyond its facts, we decline to do so. We are more persuaded by the reasoning of the Tenth Circuit in *Flower* and of this circuit in *Ruo,* and we are strongly guided by our decisions in *Laroche* and *Owens.*

The indictment put Jackson on notice that the 1972 Texas felony assault conviction would be used as the prior conviction

element of the § 922(g)(1) charge against him.  He did not proffer any evidence to bring that conviction within the expungement exception of § 921(a)(20).  Accordingly, the government had no obligation to prove that that exception was inapplicable.[3]

B. JACKSON'S SENTENCE ENHANCEMENT AS AN ARMED CAREER CRIMINAL PURSUANT TO § 924(e)

Having determined that Jackson was properly convicted under 18 U.S.C. § 922(g)(1) as a felon in possession of a firearm, we now review his contentions that the district court erroneously enhanced his sentence.  Jackson first challenges the district court's decision to treat him as an armed career criminal for sentencing purposes.  An armed career criminal is "[a] defendant who is subject to an enhanced sentence under the provisions of 18 U.S.C. § 924(e)."  U.S.S.G. § 4B1.4.  Section 924(e)(1) provides:

> In the case of a person who violates section 922(g) of this title and has *three previous convictions* by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, *committed on occasions different from one another,* such person shall be fined not more than $25,000 and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).

18 U.S.C.A. § 924(e)(1) (West Supp.1995) (emphasis added);  *see also* U.S.S.G. § 4B1.4, comment. (n. 1) ("Under 18 U.S.C. § 924(e)(1), a defendant is subject to an enhanced sentence if the instant offense of conviction is a violation of 18 U.S.C. § 922(g) and the defendant has at least *three prior convictions* for a

---

[3]Jackson's argument that under the Texas Penal Code even a convicted felon can possess a firearm in his own residence is irrelevant, because he was convicted of possessing the firearm at the pawn shop, not in his residence.

"violent felony' or "serious drug offense,' or both, *committed on occasions different from one another.*" (Emphasis added.)).

In finding that Jackson was an armed career criminal, the district court relied on his prior guilty plea on one date in Texas to five counts of robbery by assault. Those counts were based on five separate robberies that occurred within a two-month period and for which Jackson received concurrent sentences. Jackson contests the characterization of these five incidents as separate convictions because, he argues, these "five separate robbery convictions were consolidated for sentencing purposes and constitute a single conviction." According to Jackson, a defendant is not subject to armed career criminal enhancement under § 924(e) unless his prior convictions—not the crimes themselves—occurred on three or more separate occasions. We reject Jackson's argument, because it flies in the face of the plain language of § 924(e), the Application Note to U.S.S.G. § 4B1.4, and binding precedent in this circuit.

The language of the statute requires only that the prior felonies or offenses be "committed on occasions different from one another," not that the convictions be obtained on separate occasions. 18 U.S.C.A. § 924(e)(1) (West Supp.1995). The application note to the sentencing guidelines says the same thing. U.S.S.G. § 4B1.4 comment. (n. 1). In *United States v. Howard,* 918 F.2d 1529 (11th Cir.1990), *cert. denied,* 500 U.S. 943, 111 S.Ct. 2240, 114 L.Ed.2d 482 (1991), we rejected a contention identical to Jackson's position and held that § 924(e) "does not require separate indictments;  the final conviction under section 922(g)

must merely be preceded by three convictions for *crimes* that are temporally distinct." *Id.* at 1538; *see also Owens,* 15 F.3d at 996 n. 2 & 998; *United States v. Greene,* 810 F.2d 999 (11th Cir.1986) (per curiam) (rejecting defendant's argument that burglaries charged as four counts in one indictment were not separate under the predecessor to § 924(e), because "[t]he indictment alleged burglaries of four separate buildings at four separate locations on four different days in 1962." *Id.* at 1000.).

Jackson concedes that the five robberies for which he was convicted were committed on five separate occasions: November 17, 1970; December 9, 1970; January 5, 1971, January 11, 1971; and January 19, 1971. It matters not for § 924(e) purposes that the legal consequences of Jackson's separate criminal acts were imposed upon him on the same day. Nor does it matter that the legal consequences were sentences to be served concurrently instead of consecutively. *See United States v. Herbert,* 860 F.2d 620 (5th Cir.1988) (treating two burglary convictions rendered in same proceeding and yielding concurrent sentences as separate), *cert. denied,* 490 U.S. 1070, 109 S.Ct. 2074, 104 L.Ed.2d 639 (1989).

C. THE USE OF JACKSON'S PRIOR UNCOUNSELED ASSAULT CONVICTION AS A BASIS FOR AN UPWARD DEPARTURE

In departing upward from Jackson's original criminal history category pursuant to U.S.S.G. § 4A1.1, the district court considered a 1984 Texas assault conviction.[4] That conviction

---

[4]The probation officer used the one criminal history point attributed to this uncounseled conviction to increase Jackson's criminal history category from Category III to Category IV. However, because Jackson was properly classified as an armed career criminal, U.S.S.G. § 4B1.4(c)(3) independently required that Jackson be placed in Category IV. Thus, the district

resulted when Jackson, without counsel, pleaded guilty to "intentionally and knowingly causing bodily injury to Rose Whitfield by hitting her with his fist." Jackson contends that he did not knowingly, intelligently, and voluntarily waive his right to an attorney before pleading guilty and for that reason it was error for the district court to consider that conviction as a basis for an upward departure.

Generally, we do not allow a defendant to collaterally attack in the sentence proceeding convictions being used to enhance his sentence. *See, e.g., United States v. Spell,* 44 F.3d 936, 939 (11th Cir.1995) ("[T]he practical difficulties of holding mini-trials on a defendant's prior convictions counsel against looking beyond the fact of conviction." (citing *Taylor v. United States,* 495 U.S. 575, 599-603, 110 S.Ct. 2143, 2159-60, 109 L.Ed.2d 607 (1990))); *United States v. Medlock,* 12 F.3d 185, 189 (11th Cir.) ("Our system of federalism does not envision federal sentencing courts sitting as open-door review boards at the beck and call of defendants who have failed to avail themselves of well-established procedures for direct appeal or habeas scrutiny."), *cert. denied,* --- U.S. ----, 115 S.Ct. 180, 130 L.Ed.2d 115 (1994). However, we have held that a defendant may attack a conviction that is "presumptively void." *See United States v. Roman,* 989 F.2d 1117, 1120 (11th Cir.1993) (en banc) (per curiam), *cert. denied,* --- U.S. ----, 114 S.Ct. 2139, 128 L.Ed.2d

court's recognition of the 1984 Texas assault conviction affected Jackson's sentence, if at all, only by contributing to the district court's decision to depart upward under U.S.S.G. § 4A1.3 from Category IV because of Jackson's history of physically abusing women.

868 (1994). "[W]hen a defendant, facing sentencing, sufficiently asserts facts that show that an earlier conviction is "presumptively void,' the Constitution requires the sentencing court to review this earlier conviction before taking it into account.... [T]he kinds of cases that can be included in the "presumptively void' category are small in number and are perhaps limited to uncounseled convictions." *Id.* at 1120 (footnote omitted). However, convictions obtained after a defendant knowingly, intelligently, and voluntarily waived his right to counsel are not "presumptively void."

In this case, the record reflects that the probation officer who prepared Jackson's Presentence Investigation Report relied on a court document indicating that Jackson's waiver of counsel in connection with the 1984 conviction was indeed knowingly, intelligently, and voluntarily made. Although Jackson now asserts that this waiver was neither voluntary nor knowing, he does not contest the authenticity of that court document, he provides no explanation for it, and he provides no substantiation for his assertion. In *Roman,* we required that a defendant "sufficiently assert[ ] facts" showing that a prior conviction was presumptively void. Because Jackson has failed to assert sufficiently such facts, the district court did not err in considering the 1984 conviction as a basis for an upward departure.

D. THE USE OF THE PREPONDERANCE OF THE EVIDENCE STANDARD AT SENTENCING

Because of his acid-throwing attack on Clarissa Webb and her children, the district court enhanced Jackson's sentence under the guideline policy statement providing that "[i]f reliable

information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes, the court may consider imposing a sentence departing from the otherwise applicable guideline range." U.S.S.G. § 4A1.3, p.s. At the time of sentencing, state charges were pending against Jackson because of his attack on the Webb family, and Jackson had pleaded not guilty to those charges. At the time of his sentence hearing in this case, no court had found beyond a reasonable doubt that Jackson had been the one who had attacked them. Jackson contends that the district court used the preponderance of the evidence standard to find that he had been the attacker, and that use of that standard of proof, instead of the beyond a reasonable doubt standard, violated his due process rights.

Jackson's argument fails on both the procedural facts and the law. As to the procedural facts, the district court did acknowledge that the preponderance of the evidence standard was applicable, but went on to find that even the beyond a reasonable doubt standard was satisfied. The district court judge explained that if she were a juror evaluating the government's evidence of the attack, she "would find that they had proven beyond a reasonable doubt that Stanley Jackson committed this crime." Thus, the fact is that Jackson got the benefit of the higher standard of proof.

That higher standard is more than Jackson was entitled to, because it is the settled law of this circuit that at sentencing, "a federal defendant's due process rights are ... satisfied by the

preponderance of the evidence standard." *United States v. Terzado-Madruga,* 897 F.2d 1099, 1125 (11th Cir.1990); *see also United States v. Nyhuis,* 8 F.3d 731, 744 (11th Cir.1993), *cert. denied, --- U.S. ----,* 115 S.Ct. 56, 130 L.Ed.2d 15 (1994); *United States v. Ledesma,* 979 F.2d 816, 819 (11th Cir.1992); *United States v. Cornog,* 945 F.2d 1504, 1514 (11th Cir.1991); *United States v. Ignancio Munio,* 909 F.2d 436, 439 (11th Cir.1990), *cert. denied,* 499 U.S. 938, 111 S.Ct. 1393, 113 L.Ed.2d 449 (1991); *United States v. Alston,* 895 F.2d 1362, 1372-73 (11th Cir.1990); *see also* U.S.S.G. § 6A1.3, comment. (backg'd) ("The Commission believes that use of a preponderance of the evidence standard is appropriate to meet due process requirements and policy concerns in resolving disputes regarding application of the guidelines to the facts of the case."). We are bound by the prior panels' resolution of the issue and may not revisit the question. *See United States v. Evans,* 910 F.2d 790, 797 (11th Cir.1990), *aff'd on other grounds,* 504 U.S. 255, 112 S.Ct. 1881, 119 L.Ed.2d 57 (1992); *United States v. Machado,* 804 F.2d 1537, 1543 (11th Cir.1986); *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981) (en banc).

## III. CONCLUSION

Jackson's conviction and sentence are AFFIRMED.