[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 18, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-13138
Non-Argument Calendar

_____

D. C. Docket No. 04-00012-CR-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GRAYSON COLEY STEVERSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(April 18, 2005)

Before TJOFLAT, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

Grayson Coley Steverson appeals his sentence of 92 months of

imprisonment for possession of a stolen firearm, in violation of 18 U.S.C. § 922(j). The sentence was imposed pursuant to his guilty plea. Because we conclude that Steverson failed to prove that his prior convictions are presumptively void, we **AFFIRM**.[1]

## I. BACKGROUND

A.   Steverson's Prior "Crimes of Violence"

In November 1994, Steverson was charged with two counts of burglary, in violation of Georgia law. In the second count,[2] Steverson was charged with breaking into the residence of another individual and removing certain property. At the plea hearing in Georgia state court, Steverson waived his right to counsel and pled guilty. Before accepting his plea, the Georgia state court asked Steverson, "You are telling the Court that you are guilty of the charges made against you . . . . in this accusation wherein it's alleged that you entered the home of [another] with another individual, that you took certain items . . . . Do you understand that?" Presentence Investigation Report ("PSI") Addendum, Plea Hearing Transcript,

_____

[1] On appeal, Steverson explicitly declined to raise any issue concerning Blakely v. Washington, __ U.S. __, 124 S. Ct. 2531 (2004), and at no time has either party raised an issue concerning United States v. Booker, 125 S. Ct. 738 (2005). Accordingly, we need not consider the application of either case to this appeal. United States v. Lebovitz, __ F.3d __, __ n.1 (11th Cir. 2005).

[2] Only the second count is relevant here. In his first count, Steverson was charged with burglary of a school, which does not qualify as a "crime of violence" for purposes of increasing a defendant's base offense level for violations of 18 U.S.C. § 922(j). See U.S.S.G. § 4B1.2(a)(2).

2

Georgia v. Steverson, Unnumbered Accusation (Ga. Super. Ct., Jeff Davis County, Jan. 3, 1995) at 7. Steverson stated that he understood. Id. The court specifically found that Steverson understood "the charges against him." Id. at 9. Steverson was sentenced to two years of imprisonment and five years of supervised release.

In July 1997, Steverson was charged with attempted burglary, in violation of Georgia law, after he allegedly attempted to break into the home of another individual. At the plea hearing in Georgia state court, the prosecutor explained that she was changing the accusation from burglary, as originally charged, to attempted burglary:

> After speaking to Mr. Steverson, . . . I'm making the accusation for attempted burglary. He didn't actually get in, but he attempted to get in.
> . . . [Another individual's] residence was attempted to be broken into . . . . [The individual] . . . discovered that somebody was attempting to break into her house. She set up a video camera and went on to work and when she came back, again, she found signs of where there was an attempted break-in in her house and checked the camera and had the recording on tape and . . . gave it to the Sheriff's Office. They were able [to] look at it and identify the individuals who were trying to break in the house.
> Mr. Steverson . . . [and another individual] were the folks identified in that. . . .

PSI Addendum, Plea Hearing Transcript, Georgia v. Steverson, Unnumbered Accusation (Ga. Super. Ct., Jeff Davis County, July 21, 1997) at 3-4.

3

Subsequently, the judge informed Steverson that the prosecutor "was initially going to charge you with burglary but she's changed it and is charging you only with attempted burglary" and asked him if he understood. Id. at 9-10. Steverson stated that he understood. Id. at 10. Although the court did not specifically inform Steverson that an element of attempt under Georgia law is the performance of "any act which constitutes a substantial step toward the commission of that crime," O.C.G.A. § 16-4-1, the prosecutor stated that the video "showed [Steverson] . . . attempting to get inside her home . . . , attempting to break in. He didn't actually complete the break in. He didn't actually get in. That's the reason I'm charging with attempted burglary." PSI Addendum, Plea Hearing Transcript, Georgia v. Steverson, Unnumbered Accusation (Ga. Super. Ct., Jeff Davis County, July 21, 1997) at 11. Again, Steverson waived his right to counsel and pled guilty. Steverson was sentenced to three years of imprisonment and seven years of supervised release.

B.    The Instant Offense

In December 2003, Steverson was charged by information with possession of a stolen firearm, in violation of 18 U.S.C. § 922(j). He pled guilty to the charge pursuant to a plea agreement. Based on the 1994 burglary and 1997 attempted burglary convictions, the probation officer found that Steverson had sustained at

4

least two prior felony convictions for "crimes of violence." Presentence Investigation Report ("PSI") ¶ 17. Accordingly, the probation officer calculated Steverson's base offense level at 24, pursuant to U.S.S.G. § 2K2.1(a)(2). Applying a two-level increase because the firearm was stolen, U.S.S.G. § 2K2.1(b)(4), and a three-level reduction for Steverson's acceptance of responsibility, U.S.S.G. § 3E1.1(a),(b), the probation officer calculated Steverson's total offense level at 23. The PSI indicated that Steverson had sustained five prior convictions and that he had committed the instant offense while on probation and within two years of his release from custody for a prior conviction. Thus, the probation officer calculated Steverson's total criminal history points at 18 and set his criminal history category at VI. With a total offense level of 23 and a criminal history category of VI, Steverson's presumptive guideline range of imprisonment was 92 to 115 months.

Steverson filed several objections to the PSI, all of which concerned the probation officer's use of his two prior convictions for crimes of violence in calculating his total offense level and criminal history category. Steverson argued, inter alia, that his waiver of his right to counsel in each of the prior criminal convictions was not knowing or voluntary. In response to Steverson's objections, the probation officer stated that Steverson had been offered, and had declined, the

right to counsel in each of the prior state sentencing proceedings.

At the sentencing hearing, the government adopted the probation officer's response to Steverson's objections to the PSI. Steverson stipulated that he was (1) "advised of his right to counsel in every single one of these pleas," R2 at 8; and (2) "advised of and accurately advised of the minimum and mandatory sentence in each one of these pleas," id. However, Steverson argued that the state courts did not inform him of the elements of the offenses with which he was charged. Accordingly, Steverson contended, his waivers were ineffective under Iowa v. Tovar, 541 U.S. 77, 124 S. Ct. 1379 (2004), and his convictions should not have been used as a predicate with which to determine the sentencing range.

In response, the government argued that the requirement that Steverson "competently and intelligently waived his right to counsel," R2 at 23, does not require the sentencing court to advise him of the nature of the charges against him. The court overruled Steverson's objections and adopted the conclusions of the probation officer. After Steverson stated that he did not have additional objections, the district court sentenced him to 92 months of imprisonment and three years of supervised release.

On appeal, Steverson argues that the district court erred in calculating his base offense level based on prior, uncounseled convictions in which he allegedly

did not competently and intelligently waive his right to counsel. He contends that his waiver of counsel before the prior convictions was invalid under Tovar because he was not informed of the nature of the charges against him.[3]

## II. DISCUSSION

As a general rule, "we do not allow a defendant to collaterally attack in the sentence proceeding convictions being used to enhance his sentence." United States v. Jackson, 57 F.3d 1012, 1018 (11th Cir. 1995). However, a defendant may collaterally attack convictions that are "'presumptively void.'" Id. (citation omitted). Applying this standard, we have held that "[c]ollateral attacks on prior convictions are allowed in federal sentencing proceedings in one narrow circumstance only: when the conviction was obtained in violation of the defendant's right to counsel." United States v. Phillips, 120 F.3d 227, 231 (11th Cir. 1997). If "a defendant knowingly, intelligently, and voluntarily waive[s] his right to counsel," any resulting conviction is not presumptively void. Jackson, 57

---

[3]Additionally, Steverson argues that the district court prevented him from introducing into evidence the transcripts from the relevant past proceedings. This argument has no merit. Steverson's waiver of counsel in the prior proceedings was thoroughly discussed at the sentencing hearing, and the plea transcripts were partially read into evidence. Furthermore, in reviewing a district court's reasons for imposing a particular sentence, we may consider the entire record from the sentencing hearing, including the PSI. See United States v. Brown, 9 F.3d 907, 912 (11th Cir. 1993) (per curiam). Steverson attached the transcripts of the state proceedings to his objections to the PSI, and the PSI Addendum, submitted to the district court, indicates that those objections and transcripts were appended. Steverson's objections and attached transcripts were not included in the record we received on appeal, but the government provided a copy of them to our court. Accordingly, we consider the transcripts here.

F.3d at 1019.

In bringing a collateral attack against a prior conviction, the defendant must "'sufficiently assert [ ] facts' showing that [the] prior conviction was presumptively void." Jackson, 57 F.3d at 1019 (citation omitted) (alteration in original). Accordingly, in attacking an uncounseled conviction, the defendant carries the burden of proving "that he did not competently and intelligently waive his right to the assistance of counsel." Tovar, 541 U.S. at __, 124 S. Ct. at 1390; accord Greene v. United States, 880 F.2d 1299, 1303 n.6 (11th Cir. 1989). We review de novo a district court's finding that the defendant failed to establish that his waiver did not meet constitutional standards. See Greene, 880 F.2d at 1303.

A defendant's waiver of his Sixth Amendment right to counsel is intelligent if the defendant "'knows what he is doing and his choice is made with his eyes open.'" Tovar, 124 S. Ct. at 1387 (citation omitted). In a plea hearing, this "constitutional requirement is satisfied when the trial court informs the accused of the nature of the charges against him, of his right to be counseled regarding his plea, and of the range of allowable punishments attendant upon the entry of a guilty plea." Id. at 1383.[4] We have held in another context that whether a

---

[4] Because Steverson stipulated that he was advised of his right to counsel and the range of possible sentences for his prior "crimes of violence," we presume that his waiver of counsel in the prior state convictions was constitutionally sufficient if he also was properly apprised of the nature of the charges against him. See Tovar, 124 S. Ct. at 1383. However, we continue to recognize the

8

defendant understood the nature of the charges against him "varies from case to case depending on 'the relative difficulty of comprehension of the charges and of the defendant's sophistication and intelligence.'" United States v. DePace, 120 F.3d 233, 237 (11th Cir. 1997) (citation omitted) (exploring the requirement under Federal Rule of Criminal Procedure 11 that a district court must satisfy itself that a defendant understands the charges against him before accepting a guilty plea).

In this case, Steverson contends that he was not adequately informed of the nature of his 1995 burglary charge and 1997 attempted burglary charge when he waived his right to counsel before pleading guilty. In the plea hearing for the 1995 burglary charge, the prosecutor explained the factual basis for the charge, the court reiterated the charge, and Steverson stated that he understood the charge. The court's language mirrored the Georgia burglary statute. Compare O.C.G.A. § 16-7-1(a) ("A person commits the offense of burglary when, without authority and with the intent to commit a . . . theft therein, he enters or remains within the dwelling house of another . . .") and PSI Addendum, Plea Hearing Transcript, Georgia v. Steverson, Unnumbered Accusation (Ga. Super. Ct., Jeff Davis County, Jan. 3, 1995) at 7 ("[I]t's alleged that you entered the home of [another] with

---

Supreme Court's observation that "the information a defendant must have to waive counsel intelligently will 'depend, in each case, upon the particular facts and circumstances surrounding that case,'" id. at 1390 (citation omitted), and we decline to address the requirements for a constitutionally sufficient waiver in every case.

another individual, that you took certain items . . .").  Furthermore, the court specifically found that Steverson understood the charges against him.  Because burglary is a simple charge that does not "'incorporat[e] esoteric terms or concepts unfamiliar to the lay mind,'" DePace, 120 F.3d at 237 (citation omitted), the judge and prosecutor's statements were adequate to inform a person of Steverson's age and intelligence of the nature of his charge.  Accordingly, the district court did not err in using the 1995 burglary charge to increase Steverson's base offense level under U.S.S.G. § 2K2.1(a)(2).

In the state plea hearing for the 1997 attempted burglary charge, as Steverson points out, the court did not specifically inform Steverson that an element of attempt under Georgia law is the performance of "any act which constitutes a substantial step toward the commission of that crime," O.C.G.A. § 16-4-1, or that in Georgia, attempt requires the intent to commit a crime, the performance of some overt act towards the commission of that crime, and a failure to complete the crime, Howell v. Georgia, 278 S.E.2d 43, 46 (Ga Ct. App. 1981).  However, the prosecutor explained that she was changing the charge from burglary to attempted burglary because "he didn't actually get in, but he attempted to get in [the individual's home], PSI Addendum, Plea Hearing Transcript, Georgia v. Steverson, Unnumbered Accusation (Ga. Super. Ct., Jeff Davis Cty., July 21,

10

1997) at 3, and the court asked Steverson if he understood the new charge. Steverson stated that he understood.

Like burglary, attempted burglary is a simple charge. See DePace, 120 F.3d at 237. Further, at the time of the hearing, Steverson had sustained two prior convictions for burglary, which "mak[es] his quick comprehension more probable." United States v. Telemaque, 244 F.3d 1247, 1249-50 (11th Cir. 2001) (per curiam) (noting defendant's lack of prior experience in the court system supported conclusion that he did not understand the charges against him). As such, the judge and prosecutor's statements served to adequately inform a person of Steverson's age and intelligence of the nature of the 1997 attempted burglary charge. The district court did not err in using Steverson's 1997 attempted burglary charge to increase his base offense level under U.S.S.G. § 2K2.1(a)(2).

### III. CONCLUSION

In this appeal, Steverson has challenged his sentence of 92 months of imprisonment because he contends that his prior convictions for crimes of violence were unconstitutional as to his waiver of assistance of counsel. Because Steverson failed to prove that he did not waive his right to counsel knowingly, voluntarily, and intelligently in his two prior convictions for crimes of violence, we **AFFIRM**.