[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 13, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-11593
Non-Argument Calendar

_____

D. C. Docket Nos.
02-00035-CV-5
00-00007-CR-01

REGINALD POWELL,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(January 13, 2006)**

Before BIRCH, BARKETT and KRAVITCH, Circuit Judges.

PER CURIAM:

Reginald Powell, a federal prisoner, appeals the district court's denial of his motion to vacate his sentence for ineffective assistance of counsel.[1] The district court properly found that counsel's performance was not constitutionally deficient, and that Powell failed to establish prejudice. For the reasons that follow, we affirm.

## I. Background

A federal grand jury indicted Powell on one count of possessing with the intent to distribute fifty grams or more of cocaine base in violation of 21 U.S.C. § 841(a) and on one count of possessing with intent to distribute marijuana in violation of 21 U.S.C. § 841(a). Powell pleaded guilty to the first count, and the government agreed to dismiss the second count. The presentence investigation report ("PSI") assigned an adjusted offense level of 31 and a criminal history category III, resulting in a guidelines range of 135 to 168 months' imprisonment. Under criminal history, the PSI listed a 1990 drug conviction and a 1994 revocation of probation, both in state court, and stated that Powell had counsel at those proceedings. Powell did not file objections to the PSI. The court sentenced Powell to 135 months' imprisonment. Powell did not file a direct appeal.

---

[1] Powell filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-32, 110 Stat. 1214 (1996), and, therefore, the provisions of AEDPA govern this appeal.

Powell then filed a pro se motion pursuant to 28 U.S.C. § 2255 to vacate his sentence alleging ineffective assistance of counsel because of (1) trial counsel's failure to object to two prior state court convictions obtained without benefit of counsel that were used to enhance his federal sentence, and (2) counsel's failure to file a notice of appeal or to consult with Powell regarding whether Powell wanted to appeal.[2] The district court appointed counsel and referred Powell's motion to a magistrate judge for an evidentiary hearing. At the hearing, Powell testified that he informed trial counsel, Richard Darden, and the probation officer, Phillip Lyons, about his prior convictions when he met with them before sentencing. Powell conceded that he did not tell them that he was unrepresented, but he testified that he told Lyons and Darden about the circumstances that allegedly surrounded his 1990 conviction: that he spent two months in a crowded jail cell before someone from the district attorney's office told him to sign a paper so he could leave and that he signed the paper without understanding the consequences and without waiving his right to an attorney or appearing before a judge. Powell also testified that he was unrepresented and did not waive counsel for his 1994 probation revocation. Further, Powell testified that when he tried to explain the

_____

[2] The district court initially adopted the magistrate judge's recommendation that Powell's § 2255 motion be denied. On appeal, this court vacated and remanded with instructions for the district court to conduct an evidentiary hearing and to appoint counsel. Powell v. United States, 03-10389 (11th Cir. Dec. 3, 2003) (unpublished).

3

circumstances of the two convictions during sentencing in the instant case, the judge stopped him. Powell admitted, however, that the sentencing judge informed him of his appeal rights but that he did not understand and that Darden ignored several verbal, telephonic, and mail communications despite Darden's promise to explain the appellate procedure.

Lyons testified that he prepared the PSI by interviewing Powell and reviewing Powell's prior record. He met with Powell and Darden to verify the information before sending the preliminary report to the government. Although Lyons could not remember the meeting, he stated that his normal procedure was to review the prior convictions with the defendant. He also testified that he did not remember Powell recounting the alleged circumstances of the 1990 conviction but stated that, in his eighteen years of experience, he had never heard of a defendant being convicted and sentenced without appearing before a judge. Finally, Lyons agreed that the PSI erroneously noted that Powell had counsel for his two prior convictions, but he said that Powell appeared to have waived counsel and the error would not have changed the sentencing calculations unless the waivers were invalid.

Darden, a criminal defense attorney with 27 years of experience, testified that he did not remember Powell recounting the alleged circumstances of the 1990

conviction but stated that he would have remembered the claim because it would be very unusual for a defendant to be convicted and sentenced without appearing before a judge. Although he did not recall the meeting with Powell, Darden testified that his practice was to meet with a defendant, review the PSI and the guidelines, and ask the defendant whether he had been convicted of any prior offenses listed in the PSI. If the defendant said yes, Darden probably would not ask whether the defendant had been represented by counsel. Darden testified that he did not normally show the PSI to a defendant and did not show the PSI to Powell. When questioned about the waiver of counsel form from the 1990 conviction, Darden stated that it was probably invalid and admitted that he would have raised the issue of whether the waiver was knowing, intelligent, and voluntary if Powell had said anything about being unrepresented for his prior convictions. Darden also stated that he had talked with Powell about the sentencing guidelines and that he had accurately predicted the sentence that Powell faced.

Further, Darden testified that he spoke with Powell before sentencing about his right to appeal but told Powell that there was little reason to appeal if he pleaded guilty and received a sentence within the guidelines range. Darden also testified that the judge informed Powell of his right to appeal and explained the procedure of contacting the clerk if he wanted to file an appeal. Darden denied that

5

Powell ever contacted him about filing an appeal and stated that he would have retained any correspondence from Powell because he viewed him as a difficult client. If Powell had requested that Darden file an appeal, Darden testified that he would have done so, even if frivolous.

The parties also filed briefs further explicating their positions. Of particular importance, the government attached to its response copies of Powell's guilty plea from the 1990 drug offense and order of adjudication of guilt and imposition of sentence from the 1994 probation revocation hearing. As for the 1990 conviction, Powell had signed a document that informed him of right to counsel, and under his signature were the phrases "waives his right to an attorney" and "pro se." As for the 1994 conviction, Powell was found to have violated the terms of release by his own admission after a hearing before a superior court judge.

The magistrate judge recommended, over Powell's objections, denying the § 2255 motions, finding that Darden and Lyons presented more credible witnesses than Powell did. Specifically, the magistrate judge found Darden would have remembered if Powell told him the alleged circumstances of the 1990 conviction and noted that the record contradicted Powell's testimony. The magistrate judge also found that Darden had no reason to investigate Powell's prior convictions, and therefore, Darden's performance was not constitutionally deficient. The magistrate

6

judge also rejected Powell's assertions that he had asked Darden to explain the appeal procedure and noted that the sentencing judge informed Powell of his right to appeal.

The district court adopted the recommendations, over Powell's objections, and denied relief. Powell requested a certificate of appealability, which the district court granted as to both ineffective assistance of counsel claims.

## II. Standard of Review

An ineffective assistance of counsel claim is a mixed question of law and fact, which we review de novo. Calderno v. United States, 256 F.3d 1213, 1216-17 (11th Cir. 2001). Whether the district court may wholly reject a magistrate judge's credibility findings without rehearing witness testimony is an issue of law that we also review de novo. United States v. Register, 182 F.3d 820, 841 (11th Cir. 1999). Credibility determinations are to be made by the factfinder and will not be interfered with on appeal absent clear error. United States v. Brown, 415 F.3d 1257, 1268 (11th Cir. 2005).

## III. Discussion

Powell predicates his motion to vacate sentence on ineffective assistance of counsel based on (1) trial counsel's failure to object to two prior state court convictions obtained without benefit of counsel that were used to enhance his

federal sentence, and (2) counsel's failure to file a notice of appeal or to consult with Powell regarding whether Powell wanted to appeal.

Powell did not raise a contemporaneous objection to, or file a direct appeal raising, the alleged errors. Therefore, Powell "must show both (1) 'cause' excusing his double procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains," United States v. Frady, 456 U.S. 152, 168 (1982), before we will entertain his claim. "Constitutionally ineffective assistance of counsel can constitute cause" under Frady. Holladay v. Haley, 209 F.3d 1243, 1254 (11th Cir. 2000), but the claim of ineffective assistance must have merit. United States v. Nyhuis, 211 F.3d 1340, 1344 (11th Cir. 2000).

To prevail on an ineffective assistance of counsel claim, Powell must show that "counsel's representation fell below an objective standard of reasonableness" and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 688-94 (1984); Calderno v. United States, 256 F.3d 1213, 1217 (11th Cir. 2001). There is a strong presumption, which is even stronger when the court examines experienced trial counsel, that counsel's conduct fell within the range of reasonable professional assistance. Strickland, 466 U.S. at 688-89; Fugate v. Head, 261 F.3d 1206, 1216 (11th Cir. 2001).

8

A. *Whether Darden's Failure to Object to the Two Prior State Court*

*Convictions Was Ineffective Assistance of Counsel*

Powell cannot establish that Darden's performance was incompetent or that the failure to investigate the two prior state court convictions was prejudicial. Darden's and Lyons's testimony showed that Powell never informed Darden that his prior convictions had been uncounseled and failed to give Darden information that would have led him to investigate the prior convictions. Powell's self-serving testimony contradicted their testimony, but the magistrate judge's finding that Powell's testimony lacked credibility was not clearly erroneous. Even though Darden did not specifically ask Powell whether he had counsel for his previous offenses, Darden asked Powell about the convictions, and Powell could have informed him then that his prior convictions were uncounseled. Darden testified that he would have questioned the waiver had he seen it, but the court must view the circumstances as they existed at the time. Mobley v. Head, 267 F.3d 1312, 1319 (11th Cir. 2001). Based on the information Darden knew at the time, his conduct was not deficient.[3]

---

[3] Contrary to Powell's assertion, Rompilla v. Beard, 545 U.S. – , – , 125 S. Ct. 2456, 2463 (2005), in which the Court held that trial counsel's failure to examine the prosecution's enhancement evidence may constitute ineffective assistance of counsel, does not affect our decision here because we are convinced that Powell is unable to show he suffered prejudice because of Darden's performance.

9

Further, Darden's performance did not prejudice Powell. Prejudice may arise from the use of "presumptively void" convictions as a basis for sentence enhancement. United States v. Roman, 989 F.2d 1117, 1120 (11th Cir. 1993). Presumptively void convictions may include those that were uncounseled, but the defendant has the burden "to lay a foundation for collateral review on the grounds that the state conviction was presumptively void." United States v. Cooper, 203 F.3d 1279, 1287 (11th Cir. 2000). Convictions obtained with a knowing and intelligent waiver of counsel are not presumptively void. United States v. Jackson, 57 F.3d 1012, 1019 (11th Cir. 1995).

The record evidence showed that Powell waived counsel for his 1990 offense, and the record evidence of the 1994 offense contradicted Powell's allegation that he never appeared before a judge for the probation revocation. Powell contends that the record of the 1990 conviction was altered after he pleaded guilty, but only his self-serving statements support that assertion. Further, "the presumption of regularity . . . attaches to final judgments," Parke v. Raley, 506 U.S. 20, 31 (1993), and without more than Powell's ipse dixit, the district court was not clearly erroneous in rejecting Powell's already impeached testimony about the 1994 probation revocation. Based on this evidence, Powell cannot show that but for any deficient performance by Darden, the result of the sentencing hearing

10

would have been different.

B. *Whether Darden's Failure to Discuss an Appeal with Powell Was Ineffective Assistance of Counsel*

Powell next alleges that Darden's performance was deficient because he failed to follow the Supreme Court's precedent and the ABA standards to discuss with Powell his right to appeal following sentencing. Powell asserts that the failure was prejudicial because he would have filed an appeal as he did not receive the sentence he believed Darden promised and the court should not have enhanced his sentence based on prior, uncounseled convictions.

The government responds that the testimony showed that Powell did not ask Darden to file an appeal and that both Darden during plea negotiations and the sentencing judge during the sentencing hearing discussed the appeal process. The government also argues that Powell did not suffer prejudice because he received a sentence at the low end of the guidelines range.

"Counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Roe v. Flores-Ortega, 528 U.S. 470, 479-80

11

(2000). In reviewing the failure to file an appeal, the court should consider "whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings . . . ." Id.

The Court has rejected a bright-line rule that counsel's failure to consult with the defendant about an appeal always constitutes unreasonable and deficient conduct. Id. In Roe, the Court set forth a hypothetical similar to this case, stating that if "a defendant consults with counsel; counsel advises the defendant that a guilty plead probably will lead to a 2 year sentence; the defendant expresses satisfaction and pleads guilty; the court sentences the defendant to 2 years' imprisonment as expected and informs the defendant of his appeal rights; the defendant does not express an interest in appealing, and counsel concludes that there are no nonfrivolous grounds for appeal . . [u]nder these circumstances, it would be difficult to say that counsel is 'professionally unreasonable.'" Id.

Here, Powell pleaded guilty and received the sentence Darden believed he would receive at the low end of the guidelines range. Although Powell testified that the sentence was inconsistent with his expectations, the district court was not clearly erroneous in finding Darden's testimony more credible. Further, the district court was not clearly erroneous when it concluded that Powell never requested that

12

Darden speak with him about the appeals process or that Darden file an appeal.

Additionally, Powell had only frivolous grounds for appeal.

We conclude that Darden's representation was neither deficient nor prejudicial to Powell. Accordingly, we AFFIRM.