[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 2, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-13079
Non-Argument Calendar

_____

D. C. Docket No. 05-00012-CR-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DONALD LEE UBELE,
a.k.a. Duck,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(February 2, 2007)**

Before BLACK, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Donald Lee Ubele appeals his convictions and sentences for possession of firearms by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1), and possession of an unregistered machine gun, in violation of 26 U.S.C. §§ 5861(d) and 5871. Ubele asserts four grounds for appeal, which we address in turn.

## I. DISCUSSION

### A. *Sixth Amendment*

First, Ubele contends the district court erred in enhancing his sentence pursuant to the Armed Career Criminal Act (ACCA) based on prior convictions that were neither charged in the indictment nor proven to a jury beyond a reasonable doubt, in violation of his Sixth Amendment rights.

We review properly preserved constitutional claims *de novo*, but reverse only for harmful error. *United States v. Paz*, 405 F.3d 946, 948 (11th Cir. 2005). In *Almendarez-Torres v. United States*, 118 S. Ct. 1219 (1998), the Supreme Court held prior convictions could be considered and used to enhance a defendant's sentence without having been alleged in the indictment or proven beyond a reasonable doubt. 118 S.Ct. at 1231-33. Subsequent decisions, namely, *Apprendi v. New Jersey*, 120 S. Ct. 2348 (2000), *Blakely v. Washington*, 124 S. Ct. 2531 (2004), and *United States v. Booker*, 125 S. Ct. 738 (2005), have not disturbed that

2

holding. *United States v. Camacho-Ibarquen*, 410 F.3d 1307, 1316 (11th Cir.), *cert. denied*, 126 S. Ct. 457 (2005). "Although recent decisions, including *Shepard v. United States,* 125 S. Ct. 1254 (2005), may arguably cast doubt on the future prospects of *Almendarez-Torres*'s holding regarding prior convictions, the Supreme Court has not explicitly overruled *Almendarez-Torres*. As a result, we must follow *Almendarez-Torres*." *Camacho-Ibarquen*, 410 F.3d at 1316 n.3.

The district court did not violate Ubele's Sixth Amendment rights when it enhanced his sentence based on his prior convictions. Whether a district court can enhance a sentence based on prior convictions neither alleged in the indictment nor proven beyond a reasonable doubt survives on the continued vitality of *Almendarez-Torres*.

B. *Qualifying Prior Convictions*

Second, Ubele asserts the district court erred in designating him as an armed career offender because the record did not support that he had three prior convictions to qualify him as an armed career criminal. Specifically, Ubele argues that two of the alleged qualifying prior convictions do not constitute separate offenses. According to Ubele, therefore, the Government failed to prove the existence of the prior convictions by a preponderance of the evidence.

As an initial matter, we note Ubele's objection was to the *fact* of having three convictions, not to the character of the convictions. Thus, *Shepard v. United States*, 125 S. Ct. 1254 (2005), which limits the sources a district court may consider when looking at the underlying facts of a prior conviction, does not apply. *See United States v. Cantellano*, 430 F.3d 1142, 1147 (11th Cir. 2005), *cert. denied*, 126 S. Ct. 1604 (2006). By contrast, "[t]he *fact* of a prior conviction clearly may be found by the district court." *Id.* (emphasis added). Thus, the district court did not err in relying on the PSI to determine whether Ubele had three prior convictions.

To qualify as an armed career criminal, the defendant must violate 18 U.S.C. § 922(g) and have "three previous convictions by any court . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). Enhancement under the statute requires three temporally distinct crimes, but convictions need not be obtained on separate occasions. *United States v. Jackson*, 57 F.3d 1012, 1018 (11th Cir. 1995). "[S]o long as predicate crimes are successive rather than simultaneous, they constitute separate criminal episodes for purposes of the ACCA." *United States v. Pope*, 132 F.3d 684, 692 (11th Cir. 1998).

4

A preponderance of the evidence supports that Ubele had three separate convictions for the purposes of the ACCA. According to the PSI, Ubele's indictment showed that Ubele was charged with distributing cocaine on January 13, 1989, and with trafficking in cocaine on January 19, 1989.[1] The PSI further stated that pursuant to a plea agreement, Ubele was ultimately allowed to plead guilty to two counts of possession of a controlled substance with intent to distribute. Ubele submitted no evidence to rebut the PSI. Although the January 13, 1989, and January 17, 1989, crimes were charged in the same indictment and sentenced at the same time, they are two separate criminal episodes for purposes of the ACCA because the crimes were successive rather than simultaneous. *See Pope*, 132 F.3d at 692, *Jackson*, 57 F.3d at 1018. Thus, a preponderance of the evidence supports there were two separate crimes and the district court did not err in applying the ACCA to enhance Ubele's sentence.

C. *Continuous Possession*

Third, Ubele contends the evidence presented at trial was not sufficient to establish he had dominion and control over the firearms alleged in the indictment

---

[1] Ubele does not contest the third conviction used in determining his eligibility for the ACCA.

5

and he did not possess the firearms through January 27, 2005, or at any time reasonably near that date, as alleged in the indictment.

"[W]e review *de novo* whether there is sufficient evidence to support the jury's verdict." *United States v. Ortiz*, 318 F.3d 1030, 1036 (11th Cir. 2003). We will affirm the jury's verdict "if a reasonable trier of fact could conclude that the evidence establishes guilt beyond a reasonable doubt." *Id*. (quotation omitted). On review, the evidence is viewed "in the light most favorable to the government, with all reasonable inferences and credibility choices made in the government's favor." *Id*. (quotation omitted).

"Under 18 U.S.C. § 922(g)(1), it is unlawful for a felon to possess a firearm. Section 922(g)(1) required the government to prove 'three distinct elements:' (1) that [Ubele] was a convicted felon; (2) that [Ubele] knew he was in possession of a firearm; and (3) that the firearm affected or was in interstate commerce." *United States v. Wright*, 392 F.3d 1269, 1273 (11th Cir. 2004). "Possession can be shown by circumstantial as well as direct evidence. . . . [and] . . . can be either actual or constructive[.]" *United States v. Crawford*, 906 F.2d 1531, 1535 (11th Cir. 1990). "A defendant has constructive possession if he exercises ownership, dominion, or control over the firearm. A defendant also has constructive possession if he has the power and intention to exercise dominion or control. The

6

defendant may exercise that dominion and control either directly or through others." *United States v. Gunn*, 369 F.3d 1229, 1235 (11th Cir. 2004) (citations omitted). Further, we have held that "possession is a course of conduct . . . . Proof of possession of a firearm as a convicted felon on one day within an alleged continuous possession is sufficient to support a conviction." *United States v. Rivera*, 77 F.3d 1348, 1351 (11th Cir. 1996) (quotation omitted).

At trial, Ubele stipulated that he was a convicted felon. Ubele and his cousin, Chadwick Graham, purchased two gun safes from the Bass Pro Shop in Savannah, Georgia for the purpose of storing their collected guns. Ubele possessed the combination to access at least one of these safes. Ubele originally stored the safes at Graham's house and later moved the safes to a house belonging to his girlfriend's mother. Ubele accessed the safes to check and clean the guns. Ubele also added another gun to the cache. None of the guns found in the safe were manufactured in Georgia and all of the guns had traveled in interstate or foreign commerce before Ubele took them into his possession. Further, the evidence demonstrates Ubele knew the combinations needed to open the safes through January 27, 2005, when he refused to disclose them to law enforcement authorities. Accordingly, viewing the evidence in the light most favorable to the Government, we conclude there was sufficient evidence to convict Ubele.

D. *Constructive Amendment*

Fourth, Ubele asserts the district court's jury instruction permitted the jury to find him guilty without finding the Government proved the element of continuous possession beyond a reasonable doubt and impermissibly broadened the bases for conviction beyond what was alleged in the indictment.

We perform a *de novo* review of jury instructions when the objecting party claims that prejudice was caused by instructions that either misstated the law or misled the jury. *United States v. Bender*, 290 F.3d 1279, 1284 (11th Cir. 2002). In determining whether the given instructions reflected the law accurately, we afford the district court wide discretion as to the style and wording employed in the instructions. *Id.* The examination we undertake is to determine whether the court's charge, "considered as a whole, sufficiently instructs the jury so that the jurors understand the issues involved and are not misled." *United States v. Shores*, 966 F.2d 1383, 1386 (11th Cir. 1992) (quotation omitted).

"An amendment to an indictment occurs when the essential elements of the offense contained in the indictment are altered to broaden the possible bases for conviction beyond what is contained in the indictment." *United States v. Dennis*, 237 F.3d 1295, 1299 (11th Cir. 2001) (quotation omitted). "A court's jury instruction that constructively amends an indictment constitutes reversible error

8

per se because the instruction violates a defendant's Fifth Amendment right to be tried only on charges presented by a grand jury and creates the possibility that the defendant may have been convicted on grounds that the indictment did not allege." *United States v. Behety*, 32 F.3d 503, 508 (11th Cir. 1994).

The court properly instructed the jury the Government need only prove beyond a reasonable doubt the offense was committed "on a date reasonably near the date alleged" in the indictment, that is, January 27, 2005. On January 27, 2005, Ubele admitted to law enforcement authorities he knew the combinations needed to open the safes and refused to disclose them. This fact supports a finding on January 27, 2005, Ubele was able to access the guns stored in the safes and exercised dominion and control over them. Accordingly, the district court's instruction to the jury did not constructively amend the indictment because it would not have allowed the jury to convict Ubele on a charge other than those alleged in the indictment.

## II. CONCLUSION

The district court did not err in enhancing Ubele's sentence pursuant to the ACCA. Additionally, there was sufficient evidence to convict Ubele, and the district court's jury instruction was proper. We affirm Ubele's convictions and sentences.

**AFFIRMED.**