[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-15461
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 15, 2007
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-00046-CR-4-SPM-AK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTHONY CAMERON HOLT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(August 15, 2007)

Before ANDERSON, BIRCH and BARKETT, Circuit Judges.

PER CURIAM:

Anthony Cameron Holt appeals his conviction and 294-month sentence for

possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g) and 924(e).  We AFFIRM.

## I. BACKGROUND

In February 2005, Tallahassee Police Department Investigator David Donato applied for a search warrant for 1616 McCaskill Avenue, Apartment 212C.  In the supporting affidavit, Donato stated that undercover law enforcement officers had attempted to buy crack cocaine from an individual, James Crawford, on February 3, 2005.  Crawford stated that he could obtain the cocaine, but that he would have to go somewhere to get it.  Crawford directed the undercover officers to the Colonnade Apartments at 1616 McCaskill Street.

Crawford took a twenty-dollar bill from the officers and entered Apartment 212C.  Within one minute, he emerged from the apartment with crack cocaine.  When he gave the cocaine to the officers, Crawford was arrested.  In a post-arrest search, the officers found a small additional amount of crack cocaine on Crawford but not the twenty-dollar bill.

The supporting affidavit stated that the most current information showed that Holt occupied Apartment 212C and that he had a history of drug crimes dating back to 1998, including possession of cocaine, sale of cocaine, and trafficking in cocaine.  The warrant sought controlled substances, documents, and photographs,

2

which could be used to identify participants in drug crimes, as well as drug records, drug paraphernalia, and money. On February 9, 2005, after the search warrant was signed and before it was served, Donato interviewed Crawford, who had led the officers to Apartment 212C. Crawford denied going into Apartment 212C, which Donato knew to be false based on his observations. Crawford said that he got the drugs from someone standing in the stairwell, which Donato knew to be false from his observations. Donato discounted Crawford's information and did not relay it to the state judge who issued the search warrant.

Although no officer searched Crawford before he went into the apartment, Donato believed that the only reasonable explanation that he had to enter the apartment was to get the drugs, because he had no other reason to prolong the encounter and because the purchase money was gone when he returned from the apartment. The affidavit recognizes that street sellers, who obtain drugs for customers from third parties for a finders fee, is a common practice in the drug trade, and this practice occurred four times during this particular undercover operation. While Crawford did not explicitly state that more drugs would be found on the premises, his accurate representation that drugs could be purchased there reflected his knowledge of ongoing criminal activity in Holt's apartment.

In 2005, Holt was indicted for: (1) conspiring to distribute crack cocaine,

3

cocaine, 3,4-Methylenedioxymethamphetamine ("MDMA"), and marijuana, in violation of 21 U.S.C. §§ 841(b)(1)(B)(iii), (C), (D), and 846 (Count One); (2) possessing with intent to distribute crack cocaine, cocaine, and marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(iii), (C), (D), and 18 U.S.C. § 2 (Counts Two and Three); (3) possessing a firearm after having been convicted of felonies twice in 1989, once in 1990, and once in 1998, in violation of 18 U.S.C. §§ 922(g), and 924(e) (Count Four); and (4) possessing a firearm in furtherance of drug trafficking crimes charged in Counts One and Three, in violation of 18 U.S.C. § 924(c)(1)(A)(I) (Count Five). Holt pled not guilty. The government filed an information and notice of intent that, if Holt were convicted of a drug crime under the indictment, then it would seek enhanced penalties provided under 21 U.S.C. §§ 841, 851. The information stated that, based on three prior convictions for drug offenses, Holt would be subject to a term of imprisonment from ten years to life imprisonment with an eight-year term of supervised release for each of Counts One and Two, and to imprisonment up to thirty years with a six-year term of supervised release for Count Three.

Prior to trial, Holt moved to suppress all fruits of the search of his apartment, which took place on February 17, 2005. Holt argued that all items seized were fruits of an unreasonable search and that the seizure was in violation of the Fourth

4

Amendment to the United States Constitution. He contended that Crawford was not reliable, that he might have had possession of the drugs before entering Apartment 212C, and that the officers had no reason to believe that additional drugs would be found in the apartment.

The district judge upheld the February 2005 search warrant and found that no material facts were concealed from the issuing magistrate judge, that the affidavit provided probable cause to believe that ongoing criminal activity was occurring in Holt's apartment and that the probable cause had not become stale by the time that the warrant was served. Even if probable cause had not been present, the judge ruled that the evidence would not be excluded, because it was obtained in good faith reliance upon a facially valid warrant.

On January 25, 2006, a jury convicted Holt on the three drug charges but could not reach a verdict on the two firearms counts. Holt was found to be responsible for less than five grams of crack cocaine or cocaine base. On February 22, 2006, a second jury acquitted Holt of possessing firearms in furtherance of drug trafficking and failed to reach a verdict on the remaining count. On April 10, 2006, Holt was convicted of possession of firearms by a convicted felon.

Holt's presentence investigation report ("PSI") sets forth calculations relating to his convictions on Counts One, Two, Three, and Four. Because the

5

guideline for Holt's conviction for possession of a firearm by a convicted felon resulted in the highest offense level, it was used to calculate his Sentencing Guidelines sentence. The probation officer assigned Holt a base offense level of 24 pursuant to U.S.S.G. § 2K2.1, and four points were added pursuant to § 2K2.1(b)(5). Two points were added for obstruction of justice under U.S.S.G. § 3C1.1.

Holt's PSI establishes that he was arrested on August 11, 1988, for criminal activity on July 25, 1988, and was charged with possession of cocaine with intent to sell. The PSI further showed that Holt subsequently was arrested on October 6, 1988, for criminal activity on that day and was charged with sale of cocaine base. The PSI revealed that these two charges were consolidated for conviction and sentencing purposes in 1989 and that Holt was sentenced to one year and one day of imprisonment to be served concurrently. Additionally, his PSI documents that, in 1998, Holt was convicted in state court of attempted trafficking in drugs and that he initially was sentenced to fifteen years of imprisonment, but that he was resentenced to time served in 2001. At the time of his arrest in that case, 496 grams of cocaine were seized from Holt.

Based on these prior convictions for serious drug offenses, the probation officer found that Holt was subject to an enhanced sentence under 18 U.S.C. §

924(e), the Armed Career Criminal Act ("ACCA"), and his adjusted offense level of 30 was automatically raised to 34 under U.S.S.G. §§ 4B1.4(a) and (b)(3)(A). Additionally, because Holt was an armed career criminal, his criminal history category was VI pursuant to U.S.S.G. § 4B1.4. His total offense level of 34 and a criminal history category of VI produced a Sentencing Guidelines range of 262-327 months of imprisonment.

At the sentencing hearing, the government submitted copies of Holt's prior convictions including: (1) a certified copy of his 1988 conviction for possession of cocaine with intent to sell, (2) a certified copy of his 1988 conviction for sale of cocaine, (3) an uncertified copy of his 1992 convictions for possession of cocaine with intent to sell and sale of cocaine, and (4) a certified copy of his 1998 conviction for attempted trafficking in controlled substances. The government argued that, even if the judge considered only the three convictions represented by certified copies, Holt qualified as an armed career criminal. The district judge considered the sentencing factors set forth in 18 U.S.C. § 3553(a), the advisory nature of the Sentencing Guidelines, and sentenced Holt to 294 months of imprisonment for each of the four counts of conviction to run concurrently, followed by a term of six years of supervised release for the four counts of conviction to run concurrently, and $400 in special monetary assessments.

On appeal, Holt argues that the trial judge erred by denying his motion to suppress evidence obtained during the February 17, 2005, search of his apartment, because the supporting affidavit was unreliable. He additionally argues that, during his third trial, in April 2006, the government did not produce any evidence that he actually or constructively possessed firearms. Holt further contends that his prior convictions do not qualify as predicate offenses under the ACCA, and, therefore, the district judge improperly sentenced him as a career criminal.[1]

## II. DISCUSSION

### A. Denial of Suppression Motion

Holt argues that the trial judge erred by denying his motion to suppress evidence obtained during the February 17, 2005, search of his apartment because Crawford told Investigator Donato, who authored the search warrant affidavit, that he purchased cocaine from someone named Dave, and not from Holt. Consequently, Holt contends that Donato recklessly disregarded the truth. Holt also asserts that Donato should have informed the issuing judge the day after the warrant was issued, but before it was executed, that Crawford had denied that any

---

[1] Any other claims related to his four counts of conviction that Holt fails to challenge on appeal, including whether his 1992 convictions for possession of cocaine with intent to sell and sale of cocaine qualify as predicate offenses under the ACCA, are deemed abandoned. United States v. Scott, 426 F.3d 1324, 1328 (11th Cir.2005) (failing to raise issue on appeal results in abandonment of claim).

8

drugs were obtained from Holt's residence. In addition, Holt argues that the statement in the affidavit, "This scenario occurred 4 times during this operation alone," was misleading, and that Donato should have informed the issuing magistrate judge. Appellant's Br. at 22. Holt argues that the good faith exception does not apply in his case because the issuing judge was misled by information in an affidavit that the affiant knew was false or that he recklessly disregarded the truth.

We review a district judge's determination that a search warrant affidavit established probable cause de novo, but must "'take care both to review findings of historical fact only for clear error and to give due weight to inferences drawn from those facts by resident judges and local law enforcement officers.'" United States v. Jiminez, 224 F.3d 1243, 1248 (11th Cir. 2000) (citation omitted). We review de novo the district judge's determination of whether a good faith exception to the warrant requirement existed, but we review the underlying facts upon which that decision was based for clear error. United States v. Norton, 867 F.2d 1354, 1360 (11th Cir. 1989).

The Fourth Amendment provides, "no Warrants shall issue, but upon probable cause. " U.S. CONST. Amend. IV. "Probable cause to support a search warrant exists when the totality of the circumstances allow a conclusion that there

9

is a fair probability of finding contraband or evidence at a particular location."

United States v. Brundidge, 170 F.3d 1350, 1352 (11th Cir. 1999) (per curiam).

"To attack the veracity of a warrant affidavit, a defendant must make a preliminary

showing that the affiant made intentional misstatements or omissions (or made

misstatements with a reckless disregard for their truthfulness) that were essential to

the finding of probable cause." United States v. Burston, 159 F.3d 1328, 1333

(11th Cir. 1998). The warrant requirement contains a good faith exception, that

evidence should not be suppressed when it was obtained by "objectively

reasonable reliance on a subsequently invalidated search warrant." United States

v. Leon, 468 U.S. 897, 922, 104 S.Ct. 3405, 3420 (1984).

The district judge did not err by finding that Investigator Donato did not

commit an error by failing to advise the magistrate judge that, one day after the

search warrant was issued, Crawford denied going into apartment 212C and

purchasing cocaine. The evidence at the suppression hearing shows that, from his

observations, Donato knew that Crawford had lied when he said that he got the

cocaine from someone named Dave, who was standing in the stairwell. R2 at 8;

see Burston, 159 F.3d at 1333. Moreover, additional evidence supported Donato's

decision not to inform the judge of Crawford's changed story. The affidavit in

support of the warrant stated, and Donato testified that, on February 3, 2005, the

10

investigating officers watched Crawford enter Apartment 212C. He emerged within one minute, walked directly back to the officers, and provided them with crack cocaine. No one else was in the stairwell at the time, and Crawford did not talk to anyone from the time he left the undercover vehicle until he went inside the apartment; he then returned to the vehicle.

Neither did the district judge err in finding that Donato's statement in the affidavit for a search warrant that, "[t]his scenario occurred 4 times during this operation alone," was not misleading. Appellant's Br. at 22. Holt offered no evidence to support his assertion that Donato intentionally misled the issuing judge by including that statement in his affidavit. See Burston, 159 F.3d at 1333. Rather, Donato testified, and the judge found, that the statement referred to the ongoing "Weed and Seed" operation,[2] as opposed to attempts to buy drugs inside Apartment 212C.

Significantly, none of the alleged misstatements was essential to the finding of probable cause, since, in addition to the challenged statements, the search warrant affidavit contained the following factual information: (1) the apartment searched was under the control of Holt; (2) on February 3, 2005, Crawford took

---

[2] "Weed & Seed" operations refer to undercover officers who participate in a designated program to target street-level drug sales. As part of this operation, undercover officers may ask individuals to purchase drugs for them and give them money to do so in order to identify a drug supplier.

undercover officers to Apartment 212C and, while under surveillance, Crawford purchased $20 of cocaine and provided it to the officers upon his return; and (3) Holt had a history of drug offenses dating back to 1988. Thus, the additional information in the affidavit established "a fair probability of finding contraband or evidence at" Apartment 212C; consequently, the warrant was supported by probable cause. See Brundidge, 170 F.3d at 1352.

Even if the search warrant affidavit were insufficient to establish probable cause, the requirements for the good faith exception to the warrant requirement were met. As the district judge found, there was no indication that the officers were dishonest or reckless. Additionally, as noted by the judge, there were sufficient indications that Holt was using his residence to conduct drug sales on a regular basis to support an objectively reasonable belief that evidence of those drug sales would be found at his apartment. Thus, the government's reliance on the documentation supporting the affidavit for the search warrant was objectively reasonable, and the district judge did not err in denying Holt's motion to suppress. See Leon, 468 U.S. at 922, 104 S.Ct. at 3420.

B. Possession of Firearms

Holt argues that, during his third trial, the government did not produce any evidence that he actually or constructively possessed firearms. He also contends

that the government had no evidence to tie him to the firearms found in his apartment. Therefore, Holt argues that the judge erred in failing to grant his motion for judgment of acquittal in his third trial, because the government failed to prove that he knowingly possessed the firearms found in his apartment.

We review the denial of a motion for a judgment of acquittal as well as the sufficiency of the evidence to support a jury's verdict de novo, and we view the evidence in the light most favorable to the government and draw all reasonable inferences from the evidence in favor and support of the jury verdict. United States v. Smith, 231 F.3d 800, 806 (11th Cir. 2000); United States v. Pistone, 177 F.3d 957, 958 (11th Cir. 1999) (per curiam). "A jury is free to choose among reasonable constructions of the evidence" presented at trial. United States v. Sanchez, 722 F.2d 1501, 1505 (11th Cir. 1984). We cannot reverse a conviction for insufficiency of evidence unless we conclude that no reasonable factfinder could find proof of guilt beyond a reasonable doubt. United States v. Jones, 913 F.2d 1552, 1557 (11th Cir. 1990).

"To establish a violation of § 922(g)(1), the government must prove beyond a reasonable doubt three elements: (1) that the defendant was a convicted felon, (2) that the defendant was in knowing possession of a firearm, and (3) that the firearm was in or affecting interstate commerce." United States v. Deleveaux, 205 F.3d

13

1292, 1296-97 (11th Cir. 2000). "Possession, in the context of § 922(g)(1), requires that the defendant knowingly possess the firearm, and may be proven either by showing that the defendant actually possessed the firearm, or by showing that he constructively possessed the firearm." United States v. Gonzalez, 71 F.3d 819, 834 (11th Cir. 1996) (citation omitted). "[F]or a person to have constructive possession over a firearm, the person must have both 'the intent and the power to exercise dominion and control over the [firearm].' As such, a defendant must, in fact, know of the firearm's existence in order to exercise dominion and control over it." Id. (citation omitted) (alteration in original).

The burden was on the government to show that Holt knowingly possessed the firearms. At trial, the evidence showed that two loaded guns were found on top of the water heater in the kitchen during the search of Apartment 212C, which was rented to Holt, and he was the sole occupant of the small apartment. One of the guns, the .357 magnum Smith & Wesson revolver, was identical to a weapon shown in Holt's advertising materials and on the jacket liner of a music compact disc that he was distributing. These advertising materials also pictured Holt; his kitchen, where the guns were found; drugs; and drug paraphernalia similar to those found in his apartment.

Two days after his arrest, in a recorded jail telephone call, Holt said that he

14

falsely would attribute the drugs to his ex-girlfriend but that he was going to be implicated by the guns because of the photographs. While Holt contended that he did not like being around guns because he was shot at age seventeen, he pled to possession of a firearm by a convicted felon two years later. Even with this conviction, firearms were found in Holt's apartment, and he had continued to sell drugs while on bond for selling drugs between the February and August search warrants.

Holt argues that the evidence is insufficient because he consistently denied knowing possession of the firearms. Because all reasonable inferences and credibility determinations must be resolved in favor of the jury's verdict, "[w]e will uphold the jury's verdict if a reasonable factfinder could conclude that the evidence establishes [Holt's] guilt beyond a reasonable doubt." United States v. High, 117 F.3d 464, 467-68 (11th Cir. 1997) (per curiam). The jury's determination that Holt knowingly possessed firearms is well supported by the evidence presented in this case.

C. ACCA Enhancement

Holt argues that he did not meet the criteria for being sentenced as an armed career criminal because there was no intervening arrest between the two criminal offenses that he committed in 1988, and the charges were consolidated for

conviction and sentencing in 1989.  Holt also argues that his 1998 conviction for attempted trafficking in drugs did not qualify as a predicate for the ACCA enhancement.  The government contends that the information attached to the judgment for the 1989 convictions shows that Holt was arrested on July 25, 1988, but escaped on the way to jail.  The government also asserts that Holt does not dispute that the two criminal offenses were committed several months apart; therefore, regardless of whether there was an intervening arrest, the offenses are distinct predicates under the ACCA.  With respect to Holt's 1998 conviction for attempted trafficking in drugs, the government establishes that the offense is a second- degree felony punishable by up to fifteen years; consequently, it qualifies as a serious drug offense.

Using statutory interpretation, we review <u>de novo</u> whether a particular offense constitutes a violent felony for purposes of the ACCA.  <u>United States v. Pope</u>, 132 F.3d 684, 689 (11th Cir. 1998).  In determining whether a particular offense is a "serious drug offense" under the ACCA, sentencing judges adopt a categorical approach and look only to the statutory definition of the crime charged, rather than the actual facts of the individual's prior conviction.  18 U.S.C. § 924(e)(2)(A); <u>Taylor v. United States</u>, 495 U.S. 575, 600-02, 110 S.Ct. 2143, 2159-60 (1990).  The definition of a qualifying state offense under the ACCA is a matter

16

of federal law.  <u>Id.</u> at 590-91, 110 S.Ct. at 2154.  Section 924(e) provides that:

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a <u>serious drug offense</u>, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).

18 U.S.C. § 924(e)(1) (emphasis added).  A "serious drug offense" means "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law."  18 U.S.C. § 924(e)(2)(A)(ii).

Florida law provides that trafficking in 400 grams or more of cocaine, but less than 150 kilograms, is a first-degree felony, which must be sentenced to a mandatory minimum term of imprisonment of fifteen years.  Fla. Stat. §§ 893.135(b)(1), (c).  Attempted trafficking in cocaine, however, is a second-degree felony.  Fla. Stat. § 777.04(c).  A conviction for a felony of the second degree is punishable by a term of imprisonment not exceeding fifteen years.  Fla. Stat § 775.082(3)(c).  Enhancement under the ACCA statute requires three temporally distinct crimes, but convictions need not be obtained on separate occasions.  <u>United States v. Jackson</u>, 57 F.3d 1012, 1018 (11th Cir. 1995).  "[S]o

17

long as predicate crimes are successive rather than simultaneous, they constitute separate criminal episodes for purposes of the ACCA." Pope, 132 F.3d at 692.

In a similar context, we held that the crime of trafficking in drugs qualified as a predicate "serious drug offense" for purposes of the ACCA. United States v. James, 430 F.3d 1150, 1155 (11th Cir. 2005), aff'd on other grounds, __ U.S. __, __, 127 S.Ct. 1586, 1597-00 (2007). Additionally, the Supreme Court determined that, in the context of a violent felony, because burglary was an enumerated felony under § 924(e)(2)(B)(ii) and, because an attempt to commit an enumerated felony under § 924(e)(2)(B)(ii) constituted a "violent felony," attempted burglary was also a "violent felony" for purposes of the ACCA. James, __ U.S. at __, 127 S.Ct. at 1597-98. The Supreme Court reasoned that an attempt presents a potential risk and that an uncompleted burglary does not diminish the potential risk of physical injury. Id.

In James, we acknowledged that "federal law permits an inference of intent to distribute from a defendant's possession of a significantly large quantity of drugs." Id., 430 F.3d at 1156 (citing United States v. Bain, 736 F.2d 1480, 1486 (11th Cir. 1984)). Accordingly, we conclude that Holt's conviction for attempted trafficking of drugs by possessing 400 grams or more of cocaine is within the ACCA's definition of a serious drug offense.

18

Furthermore, Holt's two 1989 prior convictions qualify as separate serious drug offenses, and the district judge's decision to enhance his sentence pursuant to the ACCA was correct. See Parks v. City of Warner Robins, 43 F.3d 609, 613 (11th Cir.1995) (holding that we may affirm a decision on any adequate grounds, including grounds other than the grounds upon which the district judge actually relied). A preponderance of the evidence establishes that Holt had two separate convictions in 1989 for the purposes of the ACCA. Holt was arrested on August 11, 1988, for criminal activity on July 25, 1988, and he was charged with possession of cocaine with intent to sell. Holt's PSI shows that he subsequently was arrested on October 6, 1988, and charged with selling cocaine. Holt does not dispute that these two charges were consolidated for conviction and sentencing purposes, and that he was sentenced to one year and one day custody, to be served concurrently. Although the August 11, 1988, and October 6, 1988, crimes were consolidated for conviction and sentencing, they are two separate crimes for purposes of the ACCA, because the crimes were successive rather than simultaneous. See Pope, 132 F.3d at 692, Jackson, 57 F.3d at 1018. Therefore, a preponderance of the evidence supports two temporally distinct past crimes, and the district judge did not err in applying the ACCA to enhance Holt's sentence. Holt's three prior convictions for serious drug crimes meet the definition of an

19

armed career criminal, which qualifies him for the enhancement.

## III. CONCLUSION

Holt has appealed his conviction and 294-month sentence for possession of firearms by a career criminal in violation of 18 U.S.C. §§ 922(g) and 924(e). He has contended that the district judge erred in denying his motion to suppress evidence form the search of his apartment; that the government failed to prove that he knowingly possessed the firearms located in his apartment; and that the district judge erred in concluding that he met the criteria for sentencing under the ACCA. As we have explained, denial of Holt's suppression motion and his sentence were proper. Accordingly, Holt's conviction and sentence are **AFFIRMED.**